## THE COMMISSIONERS OF HIGHWAYS OF WARWICK *vs.* THE JUDGES OF ORANGE COUNTY.

On an *appeal* from the decision of *commissioners of highways* in refusing to
lay out a road, the *judges* have no authority to entertain an objection to
the regularity of the proceedings anterior to the decision of the commis-
sioners ; their decision can only be on the *merits*, as to the necessity
and propriety of laying out the road.

If any irregularity has intervened previous to the decision of the commis-
sioners, it can be corrected only by *certiorari*, directed to the commis-
sioners.

THREE of the judges of the county of Orange laid out a
road in the town of Warwick, on an *appeal* from a decision of
the commissioners of highways of that town, refusing to lay
out a road according to a petition presented to them. The
commissioners obtained a *certiorari*, requiring the judges to
make return to this court of their proceedings. The judges re-
turned that an appeal in due form was presented to them; that
they appointed a day and place for the hearing thereof, and
caused due notice of such appointment to be given to the
commissioners. That they, the judges, attended at the day
and place appointed, and proceeded to view the route of the
contemplated road. That counsel, in attendance to oppose
the laying out of the road, *offered to prove* that *all* the persons
who acted as a jury in certifying in favor of the laying out of
the road, and whose certificate was presented to the commis-

sioners, *were not freeholders* of the town of Warwick; that the *oath* prescribed by law was *not administered* to the jury before they proceeded to view the premises, and hear the proofs and allegations of those concerned; that *thirteen* persons were sworn and admitted to act as jurors; that after they were sworn and entered upon their duties, they were taken by one of the applicants for the road to his house, and there treated with spiritous liquors, and otherwise entertained, and that the jurors did not view the whole of the road applied for; all which evidence the judges *refused to receive;* and after examining the route of the proposed road, and taking the testimony of several *witnesses produced by both the parties*, the judges *reversed* the determination of the commissioners, and *adjudged* that the road applied for ought to be laid out, and accordingly proceeded to survey and lay out such road, and caused a record thereof to be made in the town clerk's office. From the certificate of the jurors accompanying the return, it appeared that the jurors were sworn before a *justice of the peace.*

*M. T. Reynolds*, for the commissioners.

*S. Stevens*, for the judges.

*By the court*, NELSON, J. The former and present statutes, as to laying out roads by commissioners of highways, and the appeal to three judges of the county, are substantially alike. 2 *R. L.* 275, § 16. *id.* 282, § 36. 1 *R. S.* 514, § 57, 61. *id.* 518, § 84, 89. In the case of *Lawton et al.* v. *The Com'rs of Highways of Cambridge,* 2 *Caines*, 179, the opinion was expressed by Mr. Justice Spencer, and, as I understand it, it was the opinion of the court, that the authority of the judges to hear the appeal was confined to the *merits* alone—the fitness or unfitness of laying out the road. No different opinion has been expressed in any subsequent case that has come under my notice. The proceeding by appeal was not intended to be a review of legal questions, or of irregularities that might exist in the preliminary steps, as on a writ of certiorari; but to be an examination of the necessity or propriety of the road, as-

VOL. XIII. 55

*Margin note:* NEW YORK, May, 1835. Comm'rs, &c. of Warwick v. Judges of Orange co.

NEW YORK,
May, 1835.

Comm'rs, &c.
of Warwick
v.
Judges of Or-
ange co.

suming all the previous steps to have been regularly taken. A certiorari directly to the commissioners is the appropriate remedy for the correction of errors committed by them. The decision of the judges, or any two of them, is conclusive upon the parties in the premises. 1 *R. S.* 519, § 89. It is obvious, if they had jurisdiction to confirm or reverse the decision of the commissioners for mere error of law, their judgment would be final, which could not have been intended by the legislature ; nor has such been the exposition of their powers by this court, and had it been, it would be the only answer necessary to be given to the numerous points of law raised in this case. The judges can only entertain, examine and determine the appeal on its merits, and then their decision is final and conclusive, so far as the merits are involved. This brings us to the consideration of the regularity of the proceedings of the judges upon the merits, laying out of view questions of law brought before them upon preliminary steps had before the commissioners, with which we have nothing to do on this writ, as it brings up only questions that were legitimately before the judges. It is true, that in the cases of *The commissioners of Highways of Carmel* v. *The Judges,* 7 *Wendell,* 264, and *The commissioners of Bushwick* v. *Messerole,* 10 *id.* 122, questions were examined, on the return of the certiorari to the judges, respecting the regularity of the proceedings before the commissioners ; but no objection to the consideration of such questions was made, and the point did not come under the observation of the court. I do not see how it is possible for the plaintiffs to escape the dilemma presented upon the language of the statute. The judges are directed to hear the proofs and allegations of the parties —to compel the attendance of witnesses—and " *their decision, or that of any two of them, shall be conclusive in the premises;*" it shall be signed by them, and become a record in the town clerk's office. Now, if the judges may entertain a question as to the regularity of the proceedings before the commissioners, and affirm or reverse for that cause, their decision upon it would be just as conclusive as if made on the merits, and therefore it is not to be reviewed here. If the appeal is confined to the merits, then the previous proceedings are not be-

fore the judges, and of course cannot be reviewed on a certio- rari to them. Then the decision upon the merits is final; and if, in considering them, they violate any rule of law, the error will be corrected by virtue of the superintending power of this court over the proceedings of subordinate tribunals. The langnage of the act is thus satisfied. They must conduct their proceedings according to the statute and the rules of law; and if they do so, although they may err in their decision upon the merits of the question before them, we cannot interfere.

When an application is made to commissioners, they may refuse to act, and should so refuse, unless, in their opinion, the certificate of the 12 freeholders presented to them is regular. If they err in the refusal to act, the remedy by mandamus is at hand. If they act and lay out the road under an irregular certificate, or commit any error in law themselves, a certiorari directly to them will afford redress. If they act under the certificate, and refuse to lay out the road, it is absurd and trifling to permit them to turn round and say that the certificate was defective, and for that reason, on an examination of the route proposed, they rejected the application. On an appeal to the judges, in case of refusal, they are the only parties notified to appeal and sustain their decision, 1 *R. S.* 548, § 87, and of course the only parties in contemplation of the statute before the judges resisting the appeal, and who can raise the legal questions that may be relied on. It seems to me to be equally absurd, and repugnant to principle, to permit them to set up their own errors by way of defence on the hearing before the judges, which must inevitably follow if questions of law are to be thus reviewed by the judges.

It may be said, that if the commissioners should act under a defective certificate, and refuse to lay out the road, and on an appeal their determination should be reversed, a road may be laid out on a defective certificate of the freeholders. All this may be true. But we have no right to assume that these officers will put their refusal to lay out the road upon the merits, when they might have refused to act at all, and then before the judges on the appeal justify themselves, on the ground that they need not have acted; be-

NEW YORK, cause, they must be guilty of this inconsistency, in order to
May, 1835. avail themselves of the error, supposing the judges have power

Comm'rs, &c to review the whole of the preliminary steps. Some confi-
of Warwick dence must be reposed in these officers, in either aspect of the
v.
Judges of Or- question. They might omit to take the legal objections on
ange co. the appeal, conceding their right to raise them to the regu-
larity of the preliminary steps—and they are the only persons
that can—and then the result apprehended would follow.

Upon the whole, therefore, I perceive no solid reasons
against the position laid down in the case of *Lawton et al.* v.
*Commissioners of Highways of Cambridge,*that the author-
ity of the judges to hear the appeal is confined to the merits
alone ; on the contrary, much inconsistency and violation of
sound principles is avoided, and the spirit of the statute faith-
fully executed; by confining them to that question. The pow-
er of this court can be legitmately exerted to keep both the
commissioners and the judges within their proper bounds in
conducting their proceedings, and then the determination,
first by the one and then by the other on appeal, will be con-
clusive in the premises, according to the letter of the statute.
Upon any other view, a road might be laid out, upon a rever-
sal of the determination of the commissioners, on mere legal
questions, without involving their opinion upon the merits.
The act contemplates such an opinion before the judges can
act.

Proceedings of judges affirmed.