The People, *ex relatione* Nathan Beadles, Plaintiff, *v.* Anson Smith and others, Defendants.

### PETITION FOR MANDAMUS.

An appeal to supervisors in relation to laying out of roads, need not be addressed to them by name ; if so, the names may be regarded as surplusage.

It is no part of the duty of supervisors to entertain dilatory or technical objections, they should hear and determine a case upon its merits.

This was an original proceeding, in this court, for a mandamus against Smith, John Riley, and E. C. Wilcockson, supervisors of the towns of Ellisville, Putnam, and Liverpool, in the county of Fulton.

The facts of the case sufficiently appear in the opinion of the court.

W. C. Goudy, for the relator.

L. W. Ross and J. P. Boice, for the defendants.

Treat, C. J. The petition states in substance, that the commissioners of highways of the town of Lewistown, made an

The People, *ex rel.* Beadles *v.* Smith et al.

order for the opening of a road over the lands of the relator in that town, and filed the same in the office of the town clerk, on the 10th of August, 1853; that on the 24th of that month, the relator took an appeal from this order of the commissioners to the supervisors of the towns of Ellisville, Putnam, and Liverpool; that the appeal was in writing, and addressed to "Anson Smith, John Riley, and Jesse B. Wilcockson, supervisors of the towns of Ellisville, Putnam, and Liverpool, in the county of Fulton;" that prior to the 10th of September, the appeal was delivered to Smith, and notice thereof was served on Riley and E. C. Wilcockson, the latter being the supervisor of the town of Liverpool; that Smith, Riley, and E. C. Wilcockson, met for the purpose of hearing the appeal on the 26th of September, and the petitioners for the road and the highway commissioners appeared by their counsel; that the latter objected to the hearing of the appeal, because the same was addressed to Jesse B. Wilcockson instead of E. C. Wilcockson; and that the defendants sustained the objection, and refused to take further cognizance of the case. The prayer of the petition is, that the defendants may be compelled, by mandamus, to proceed and hear and determine the appeal on the merits. The return of the defendants admits the allegations of the petition to be true.

The provisions of the statute applicable to the case are these. The owner of land over which a road is located by the commissioners of highways, may, within thirty days from the filing of the order in the clerk's office of the town, appeal to three supervisors of the county. The "appeal shall be in writing, addressed to the supervisors, and signed by the party or parties appealing." It "shall be left with one of the three supervisors by the person or persons appealing; and such person or persons shall also leave a notice of such appeal with each of the other supervisors to whom the appeal is made." The supervisors are required to name a time and place for hearing the appeal; and the appellant must deliver a notice in writing of such time and place to each of the highway commissioners, and to at least three of the petitioners for the road, eight days before the appeal is to be considered. At the time and place designated, the supervisors are to hear the proofs and allegations of the parties, and decide upon the propriety and expediency of laying out the road, and the right of the appellant to damages. Acts of 1851, p. 73, § 8, &c.

This statute does not require an appeal to be addressed to the supervisors by name. It is enough that it is addressed, generally, to the supervisors of specified towns. Indeed, this

is the better practice, for the individuals may cease to be supervisors before the appeal is determined. In this case, so much of the appeal as sets forth the names of the supervisors may properly be disregarded as surplusage. The defendants clearly erred in refusing to proceed with the case. It is no part. of their duty to entertain dilatory or technical objections. They are bound to hear and determine the case on the merits. The only questions for them to decide, are as to the expediency or inexpediency of the road, and the amount of damages which the appellant will sustain by the location of the same over his lands. See Commissioners of Warwick *v.* Judges of Orange, 13 Wend. 432; and Lawton *v.* Commissioners of Cambridge, 2 Caines, Rep. 179.

A peremptory mandamus must be awarded.

*Mandamus awarded.*