97

# SUPREME COURT.

## In the Matter of the Extension of the BOWERY, from Chatham-square to Franklin-square, in the City of New-York.

The *jurisdiction* of the supreme court, in reference to the proceedings for opening and extending streets, &c., in the city of New-York, is wholly derived from the statute relating to such proceedings.

The *power* vested in the court by that statute is *supervisory,* and not appellate. It was evidently the intention of the legislature to vest in the court a broad *discretion* in the exercise of this power. Its office is to see that no injustice is done.

The exercise of a power so entirely *discretionary* is not the subject of review upon *appeal.* Hence, it is declared by that statute, that the report of the commissioners of estimate and assessment, when confirmed by the court, *shall be final and conclusive upon all parties;* and the title to the property proposed to be taken for such improvement shall, upon such confirmation, vest in the corporation.

*Quere?* Whether this proceeding, in reference to opening streets, &c., can be called a *special proceeding,* within the meaning of that term, as defined in the third section of the Code, which declares that every other *remedy,* except such as are obtained by an action, is a *special proceeding.*

If an application for such confirmation is a *special proceeding,* within the meaning of the Code, or the act of 1854, the decision thereon is not the subject of review upon appeal; though it comes within the letter of the Code, and that statute authorizing an appeal: because the jurisdiction of the court is taken away by the statute under which the proceedings originated, which declares, "that the order, or judgment of the court, in the premises, *shall be final and conclusive.*"

This having been settled, in respect to an appeal from such an order, from the general term of the supreme court to the court of appeals, it *must* be equally true in respect to an appeal from an order made at *special term* to the *general term.* The order, when made at *special term,* is equally the order of the *supreme court,* as if made at the general term.

It is a familiar rule, that an appeal will not lie from an order which the court was authorized to make or not, in its discretion.

The statute, when it says, "that the order, or judgment of the court, in the premises, shall be final and conclusive," is evidently speaking of the *original* order or decision of the court in the premises, *in the first instance,* and not the last order the court would ordinarily have power to make. *Per* PEABODY, J.—CLERKE, J. *dissenting.*

*New-York General Term, Feb.*, 1856.

HARRIS, Justice.   The provisions of law relating to the opening of streets, &c., in the city of New-York, form a system of proceedings entirely peculiar, and complete in itself. The jurisdiction of this court in respect to such proceeedings is wholly derived from the statute.   And that jurisdiction is so restricted that for many years the judges of the court regarded themselves as acting in the capacity of commissioners, vested with limited judicial powers by the legislature in reference to such proceedings, and not as a court.   It is true that this theory no longer prevails; yet it is not the less true that the court, in such cases, exercises a limited power, conferred exclusively by the provisions of the statute relating to such proceedings.

The corporation of New-York, having resolved upon the improvement, is authorized to make application to the court for the appointment of commissioners, and it is declared that it shall be lawful for the court, upon such application, to nominate and appoint three discreet and disinterested persons commissioners of estimate and assessment.   This is the extent of the power vested in the court at this stage of the proceeding. The commissioners thus appointed are required to make their report to the court; and, upon the coming in of such report, it is made the duty of the court, "after hearing any matter which may be alleged against the same," either to confirm it or send it back for reversal.   If it is sent back, it may be to the same or new commissioners, in the discretion of the court.   If a new report is made, the court may confirm it, or again send it back for revision, and so on, until the court shall think proper to confirm the action of the commissioners.

The power thus vested in the court is supervisory, and not appellate.   It was evidently the intention of the legislature to vest in the court a broad discretion in the exercise of this power.   Its office is, to see that no injustice is done.   Technical errors will be disregarded; and if, upon a review of the whole

case, it appears that substantial justice has been done by the commissioners, their proceedings will be confirmed.

It is not to be supposed that the exercise of a power so entirely discretionary would be made the subject of review upon appeal. Hence we find it declared, that the report, when confirmed by the court, *shall be final and conclusive upon all parties*, and the title to the property proposed to be taken for such improvement, shall, upon such confirmation, vest in the corporation.

I do not think it very clear, that the application to the court for a confirmation of the report of the commissioners, for which the statute thus provides, is a *special proceeding*, within the meaning of that term, as it is defined in the third section of the Code, which declares that every other *remedy*, except such as are obtained by an action, is a *special proceeding*. These *remedies*, I suppose, are such as are incident to the powers of a court of general jurisdiction—such as mandamus, prohibition, habeas corpus, and the like. I do not think that the proceeding, to obtain the confirmation of the report of commissioners, under the statute referred to, is, in any proper sense of the term, a *remedy*.

But, conceding this point, and that the application for the order of confirmation is a *special proceeding*, I do not think the decision of the court upon such application is the subject of review upon appeal. It is declared, by the eleventh section of the Code, among other things, that the court of appeals shall have jurisdiction to review, upon appeal, every actual determination of the supreme court, in general term, in a final order affecting a substantial right, " *made in a special proceeding.*" The order of confirmation *is* a final order. It affects substantial rights, and, for the purpose of the argument, it is conceded to be a *special proceeding*. The order, it is conceded, may be made by the supreme court at a general term. The case is thus brought within the very terms of the section of the Code, prescribing the jurisdiction of the court of appeals. And yet it has just been held by that court, that it has no jurisdiction to review, upon appeal, such an order. This jurisdiction is denied upon

In the matter of the Extension of the Bowery, &c.

the ground that, though the case is within the very letter of the statute defining the jurisdiction of the court, yet it is taken away by the statute under which the proceedings originated, which declares " that the order, or judgment of the court, in the premises, *shall be final and conclusive.*"

If this be so, in respect to an appeal from the general term to the court of appeals, I cannot see why it is not equally true in respect to an appeal from an order made at special term to the general term. The order, when made at special term, is not less the order of the supreme court than when made at general term. In either case, it is " the order or judgment of the supreme court in the premises." This order, it is declared, shall be final and conclusive. And yet, by this appeal, it is insisted that the order thus made is not final and conclusive, but that this court has the power, and ought to reverse it.

This power is sought to be sustained by the act of 1854, which declares that an appeal may be taken to the general term from any judgment, order, or final determination made at a special term, in *any special proceedings.* As in the case of the eleventh section of the Code defining the jurisdiction of the court of appeals, so here, the language of the statute is broad enough to embrace the case in hand. But if the statute which declares that the court of appeals shall have jurisdiction to review an order of the supreme court, made in a special proceeding, is controlled by the statute relating to the special proceeding in question, which declares that the order confirming the report shall be final and conclusive, I am entirely unable to see how it is that the same declaration in respect to the effect of the same order does not equally control the operation of the act of 1854, providing for an appeal to the general term from an order of the special term in a special proceeding.

Again : the commissioners are required to make their report to the supreme court. That has been done. The court, upon the coming in of the report, is required to hear any matter that may be alleged against it. That has been done. Having heard what has been alleged against it, the court is required to make an order. That has been done. The order thus made

In the matter of the Extension of the Bowery, &c.

must be one of two things : it must confirm what has been done by the commissioners, or it must return the report for reconsideration. The former has been done in this case; and that being done, the statute declares that it is final and conclusive. Now, suppose this court, in general term, to hold that the order thus made in conformity with the provisions of the statute is not, what the statute declares it shall be, final and conclusive, and that it will entertain the appeal, upon what principle shall the review be had ? We have seen that it is the duty of the court, upon the coming in of the report, to hear what can be alleged against it, whether it be in respect to matters of fact or law ; and if, upon the whole, it appears that no substantial injustice has been done, to confirm the report. The very nature of this hearing, involving as it does the exercise of judicial discretion, and little if anything else, is opposed to our very first notions of a review upon appeal. There is no more familiar rule than that an appeal will not lie from an order which the court was authorized to make, or not, in its own discretion.

" It would be repugnant to our notions of the plan of our judiciary system," says Judge PARKER, in delivering the opinion of the court of appeals in the matter of the *New-York Central Railroad Company* agt. *Marvin,* (1 *Kern.* 276,) " to suppose that it was intended that the questions of fact, almost always involved in appeals from appraisals of damages in railroad cases and other like proceedings, were designed to be brought up for adjudication to the court of last resort." The remark may be applied with equal force to an appeal from the special to the general term.

" The whole proceeding," says the same learned judge, " is a special creation of the statute, and seems designed to form a complete system of itself, entirely independent of the general provisions of law relating to appeals." So, in this case, I am of opinion that the general provisions of the act of 1854, authorizing an appeal from an order of a special term in a special proceeding, as well as the provision of the eleventh section of the Code, authorizing a review upon appeal to the court of

In the matter of the Extension of the Bowery, &c.

appeals, of an order of this court, made at general term, in a special proceeding, have no application whatever to the special statutory proceeding in question, and that the motion to dismiss the appeal should therefore be granted.

PEABODY, Justice. Where jurisdiction is conferred on a court in a class of cases or proceedings, there is no doubt that, ordinarily, it would have power to hear and determine the matters, in the manner in which the jurisdiction of the court was usually exercised, and in all ways and manners in which it was usually exercised, whether in its original cognizance or appellate hearing; and its power over the matter would only be terminated when all the modes of hearing and trying causes usual in such cases were used, and all the powers of appeal and review therein were exhausted. This would be the effect of a legislative act conferring jurisdiction in a particular class of cases, not previously cognizable in that tribunal.

The mode of availing of the jurisdiction would depend on the general internal regulations of the tribunal in cases similar in their nature; and jurisdiction having been conferred, the class of suits or proceedings would be entitled to all the powers of the court, and to be tried and re-tried in the original and appellate branches of the court, according to the practice of the court, as it existed at the time in other cases in which it had previously exercised jurisdiction: and, *prima facie*, this court, having jurisdiction in this class of cases conferred on it, would exercise it to the same extent, and in the same mode and variety of modes, in which it exercised its jurisdiction in other cases; and the suitor, thus transferred here, would have a right to exhaust the powers of the court, by applying them in the last form of appeal recognized therein.

This would ordinarily be the case in the description of cases like the present, if the statute giving the jurisdiction had been general in its terms, or had simply said that the decision of the court herein should be final and conclusive; but in the case before us, the statute, when it says, " that the order or judgment of the court in the premises, shall be final and conclusive," is

evidently speaking of the original order or decision of the court in the premises, in the first instance, on the motion for confirmation, and not of that one, the last order the court would ordinarily have power to make, and when its powers, in their own nature, would, with that final effort, be exhausted and spent.

It is not easy to say what meaning or effect this part of the statute is to have, unless it means as suggested : for to say that an order, or a judgment in a case, shall be final and conclusive, meaning some order or some judgment, and not any particular one, shall be so, is to say what scarcely has any practical meaning. Without any such provision, some order or judgment must be final and conclusive, in the nature of things.

The last order must be the final one ; and it would be unnecessary to say of the order of the court, made in the branch or department of last resort, and which must, in the nature and constitution of the court, be final there, that it should be final, especially when there was no other tribunal entertaining an appellate jurisdiction. Such an order must, in the nature of things, be final—final as to the court in which it is made, and final as to the litigation, there being no appellate tribunal.

To give effect to this part of the statute, therefore, it must be interpreted to declare that the order or judgment, not necessarily in the nature of things, and without such provision, final is, by virtue of it, declared, pronounced to be, and is made so.

But it is said that the statute of 1854 expressly authorizes appeals, to the general term, from any judgment, order, or final determination, made at a special term, in any special proceeding. This is substantially the language of the statute, and these proceedings may be included in the term "special proceedings." But this statute is general in its language and application, and embraces all special proceedings in general terms. It is general, and not specific. It does nōt specify cases of this kind, although its language is broad enough to, and does in terms, include them. But the statute, which declares that the judgment, or order of confirmation, shall be final and conclusive, is specific, and applies only to this one par-

ticular class of proceedings; and the well-known rule of construction in such cases, is to give full effect to the particular, specific, or exceptional enactment, and consider the general one, modified by, and to the extent of it. The one is the general rule, the other the exception.

The decision in the court of appeals, in the case of Canal-street, seems to proceed very much on this ground; and the language in the two statutes is so similar as to make that decision almost authoritative on us in the construction of this one, and it certainly should have great weight with us in determining the effect to be given to it in the case in question.

Besides this, there is much in the very nature of the jurisdiction here exercised to lead to the conclusion, that no appeal was intended, or is expedient; the general guardianlike care and authority which the court exercises, as if superintending for the general good, the interests of the corporation, and of individuals, its wards, to see that the burthens are equally distributed, and the benefits equally bestowed in a general manner, and, on the whole, is not of that definite character controlled and measured by the exact rules of law, which seems to render it desirable that it should be the subject of an appeal, or susceptible of review, according to the ordinary acceptation on that subject; for it is so eminently matter of discretion that two minds could hardly be expected to agree entirely on all the details, large and small, of such a measure.

This view would not control or override the plain language of the statutes; but where that is doubtful or indecisive, the nature of the subject-matter may very well be considered in seeking light as to the intent, meaning, and legal effect of the enactment.

The motion to dismiss the appeal must, I think, be granted.

CLERKE, Justice—*dissenting.* Formerly, and until a period comparatively recent, in all the superior courts of law, both in England and in this, and most of the sister states, there was only one branch of jurisdiction in each court. All proceedings were had, or were supposed to be had, and all decisions were

made, before the full court in *banc.* It was not, perhaps, essential to the validity of the proceedings, that any particular number of judges should have attended, although, I believe, in the queen's bench, four generally, and never less than two, attended, and in the old supreme court of this state, three, almost invariably, composed the full bench; and I was not aware, until yesterday, that it was ever composed of only one judge. Whether, however, composed of one or three judges, its decisions were final, as far as the supreme court was concerned; and the parties had *no right* to question them, except by writ of error to the court for the correction of errors. The only deviation from this course, before the adoption of the present constitution, was in the establishment of special terms, in 1830, for the purpose of hearing and deciding, during the vacations intervening between the calendar terms, all non-enumerated business, except such as the court should direct to be heard in term.

The present constitution recognizes the distinction between special and general terms; and the blending, I may say, fusion, of equity and common-law jurisdiction, together with considerations of convenience and improvement, induced the legislature, both by the judiciary act of 1847, and by the Code expressly, to establish a special term, as a distinct but inferior branch of the court, in which, generally, judgments were to be rendered, and orders made, in the first instance, by a single judge, and from which an appeal would lie to the general term to consist of not fewer than three judges; so that the general term, at least practically, for most purposes, is chiefly an appellate branch of the court.

In all actions, and now by a late statute, in *all* special proceedings, an appeal is allowed from the special term to the general term, from every judgment and every order affecting a substantial right. This right adheres to all cases, except where the law expressly provides the contrary. Unless, therefore, there is some provision, having particular reference to proceedings relating to the opening and laying out of streets, denying

this right, an appeal lies, in such cases, from an order of the special term to the general term.

It is maintained, that this exception is contained in the act of 1813. This act says, that "the report" of the commissioners, "when *confirmed* by *the court*, shall be final and conclusive," &c.; and it is urged because the order of the special term confirms the report, and because the special term is "*the court*," that the order of the special term in this case is final and conclusive, and that the superior or appellate branch of the court cannot entertain any application to disturb it.

Undoubtedly, the special term is the court, though not the whole court—not the court in the total and ultimate exercise of its power. The decisions of the special term, when acquiesced in, are as final and as effectual as those of the general term; but it is assuming the very question at issue, to suppose those decisions to be final in cases like the present. They are final, indeed, if they are not appealable; and they are not appealable, if they are final.

According to the decision of the court of appeals, in the Canal and Walker-street case, the language of the act of 1813 imports, that there shall be no appeal from the decision of the supreme court to the former court; but I cannot discover anything in the opinion of Judge GARDINER, which goes any further. In this species of special proceedings, when the supreme court confirms the report of the commissioners, there can be no appeal to the court of appeals; because the act declares that the report, in such case, "shall be final and conclusive."

But is the report *confirmed* by the supreme court, according to the true intent and meaning of the act, or even according to the popular signification of the word, when the order of the special term is appealed from, and before the general term has taken action on such appeal. Until that is done, the order of the special term is in suspense. It would, I think, be a strained construction of the language of the act of 1813, to consider that it forbids the supreme court itself to review its own decision; that it forbids that an order made by a court held by a single judge, shall not be questioned or reconsidered by that judge

Potter agt. Clark and Williams.

himself, or by his brethren holding a general term; and that it imports that cases of this description shall be exempt from that redeliberation, and more solemn consideration, to which judgments and orders in other cases are subject.

This right of review is a necessary and inherent power in every court, except when it is expressly denied by statute in positive and unqualified terms. All judgments and orders of a special term, when appealed from, are in abeyance, as it were, until disposed of by the general term; and, although they may be termed "judgments or orders of the court," they are not operative until their final disposition; then, and only then, they become complete; and it is this complete action of the court, when the litigants require it, that makes the confirmation a final and conclusive adjudication.

Neither, until this occurs, does the right of the corporation to the land, or the owners to damages, accrue.

I am, therefore, of opinion, that the application to dismiss the appeal should be denied.