THE PEOPLE *ex rel.* ALEXANDER VAN RENSSELAER and others, Commissioners of Highways of the town of Claverack, Appellants, *v.* JAMES VAN ALSTYNE and others, Referees, Respondents.

A road may be lawfully laid out or dedicated to the use of the public as a highway, though it may be a mere *cul de sac*, having at one end no outlet, and abutting upon private property.

An appeal from an order of commissioners, refusing to lay out a highway, is properly taken to the county judge, though it would be equally effectual if taken to the County Court.

The proceedings anterior to the order of the commissioners being regular upon their face, the jurisdiction of the referees appointed to hear the appeal is limited to the consideration of the case upon the merits.

Such referees are not at liberty to receive evidence for the purpose of impeaching the freeholder's certificate, or of falsifying recitals in the order of reference.

Costs on appeal may be awarded to the prevailing party on a common law certiorari.

APPEAL from the judgment of the Supreme Court in the third judicial district.

This was a common law certiorari to review the decision of referees, appointed by the county judge of Columbia, reversing the decision of the commissioners of highways, and laying out a highway pursuant to the application, which had been denied by the commissioners.

The road, as applied for and laid out by the referees, terminated at the north end in what was known as the "mill road," and at the south end in a road passing the house of Jonas Phillips. It was claimed by the appellants to be a mere *cul de sac*, on the theory that the road with which it connected at the southerly terminus had never been laid out as a public highway. It was proved that the latter had been used as a public highway for over forty years, and it was, therefore, within the provisions of the statute declaring that "all roads not recorded, which have been or shall have been used as public highways for twenty years or more, shall be deemed public highways." There was no evidence

showing it to be a private road; but the appellants seem to have supposed that a misdescription of it in 1857 as a "private road," in a book in the town clerk's office enumerating the road wards, divested it of the character of a public highway. The referees found otherwise as matter of fact, and upon sufficient and satisfactory evidence adjudged the necessity of the new road, and laid it out pursuant to statute.

It appears from the record that Peter H. Kipp, the applicant, was an inhabitant of Claverack; that he was liable to assessment for highway labor in said town, and that, upon proceedings duly instituted and conducted for that purpose, the necessity and propriety of the road was certified by twelve disinterested freeholders in the manner prescribed by statute. On the 15th of October following, the commissioners of highways made an order denying the application. On the 10th of December, and within the time allowed by law, an appeal was taken to the county judge of Columbia, who, on the 15th of December, made an order, in due form, appointing the three respondents referees to hear and determine the appeal, and certifying that they were " three disinterested freeholders, who have not been named by the parties interested in the appeal, and who are residents of the said county, but not of the town wherein the road is located."

The referees gave due notice of the hearing to the appellants, who appeared and litigated the matter before them.

The principal controversy was on the merits of the application; but the appellants also raised sundry questions as to the regularity and validity of the proceedings prior to the reference.

They offered to prove, among other things, that one or more of the referees were named by the counsel for the applicant to the county judge who appointed them, and this proof was excluded.

They further offered to prove that at the meeting of the freeholders, two persons, other than the applicant, owning lands over which the road was to pass, as an inducement to lay out the road, promised to claim no compensation for the land, and that the town should not be subject to cost; that

afterward the commissioners called upon those persons for a writing to that effect, which they refused to give, and thereupon an order was made denying the application. This evidence was also rejected.

Among other immaterial objections, the appellants insisted that no notice of the appeal was given to the town-clerk, and that the appointment of the referees was made by the county judge without previous notice to the commissioners.

The decision of the referees was affirmed at the General Term, in the third district, the opinion of the court being delivered by Mr. Justice PECKHAM.

The case is reported in 32 Barbour, 132.

*John H. Reynolds*, for the appellants.

*John Gaul, Jr.*, for the respondents.

PORTER, J. The decision was right, upon the merits. The road was laid out between two highways. One of these was unrecorded; but the fact is established, by the proof and the finding, that for more than twenty years it had been used as a public highway, and it therefore became such by force of the statute. (1 R. S. 521, § 100.) If, however, the fact had been otherwise, the authority of the referees to lay out the road would have been equally clear. It was formerly supposed that, by the rules of the common law, a mere *cul de sac* could not be a highway, open, of right, to all. The contrary doctrine is now well settled in this State, as well as in England. A road may be laid out or dedicated to the use of the public as a highway, though at one end it may have no outlet, and may abut upon private property, or encounter an impassable barrier. (*People* v. *Kingman*, 24 N. Y. 560; *Wiggins* v. *Tallmadge*, 11 Barb. 457; *Bateman* v. *Bluck*, 14 Eng. Law & Eq. 69.)

The proceedings anterior to the order of the commissioners being regular upon their face, the jurisdiction of the referees was limited to the consideration of the case upon the merits. They were right in rejecting the evidence offered for the purpose of impeaching the freeholder's certificate. It was

made by the persons and in the mode prescribed by statute; it had performed its office, and the referees had no authority to vacate it. (*Commissioners of Warwick* v. *The Judges of Orange*, 13 Wend. 432; *The People* v. *Wheeler*, 21 N. Y. 84; *The People* v. *Commissioners of East Hampton*, 30 id. 72.)

The facts proposed to be proved were insufficient to annul the certificate, even if the inquiry had been one which the referees were at liberty to entertain. The offer was, in substance, to show that certain persons, who were neither parties nor relators, but who owned lands over which the road was to pass, promised, if the highway was laid out, to claim no compensation for their lands, and to protect the town against cost; and that afterward they refused to reduce the promise to writing, and revoked their conditional consent to waive compensation. If the commissioners had acted upon their parol consent before it was withdrawn, their claims to compensation would have been barred. (*The People* v. *Goodwin*, 1 Seld. 568.) If such an engagement had been entered into in writing by the owners, it would not have vitiated the certificate. Not being in writing, until it was acted on it was revocable; and its revocation furnishes no warrant for the assumption that the certificate of the freeholders was false.

The referees were right also in rejecting the evidence, offered for the purpose of falsifying the recital in the order appointing them, that they were not nominated by parties interested in the appeal. It was sufficient for them that the county judge had jurisdiction to make the order, and it was neither their duty nor their right to institute a collateral inquiry as to his good faith in the discharge of his official duty. (*Bingham* v. *Disbrow*, 37 Barb. 28; *Commissioners of Warwick* v. *Judges of Orange*, 13 Wend. 432; *People* v. *Wheeler*, 21 N. Y. 84.)

It is claimed that the proceedings should be reversed, on the ground that the appeal from the original order should have been to the County Court, instead of the county judge. No such objection was taken before the referee, and if made

it would have been unavailing. The appropriate remedy, in case of a mere formal defect, is by motion to dismiss the appeal. But there was no defect, even in form. The appeal was properly made to the county judge. It was taken in the mode prescribed by the act of 1847, the provisions of which, in this respect, have never been repealed, though in another particular they have been modified by subsequent legislation. Under that act it was made the imperative duty of the county judge to appoint referees, and to commit this class of appeals to them for determination. (3 Edmonds' Stat. at Large, 314, § 8.) By the Code, concurrent jurisdiction has since been extended to the County Court, but without changing the statutory form of appeal from the order of the commissioners, or divesting the county judge of authority to direct a reference. (Code, § 30, subd. 11.)

Other objections to the proceedings were urged by the appellants, but they are such as do not call for special consideration.

There was formerly some diversity of opinion as to the authority of the courts to award costs on appeal to the prevailing party on a common law certiorari. We have held that these cases belong to the class of special proceedings embraced in the third section of the Code, and that such costs may be awarded in the appellate tribunal. (Code, §§ 3, 318; Laws of 1854, 593, § 3; *People* v. *Wheeler*, 21 N. Y. 86; *People* v. *Stilwell*, 19 id. 532; *People* v. *Commissioners of Schodack*, 27 How. 158; *People* v. *Fake*, 14 id. 527.)

The judgment should be affirmed, with costs of the appeal to this court.

All the judges concurring,

Judgment affirmed.