# SUPREME COURT.

## The People, *ex rel.* Riley Spencer agt. James Fuller, County Judge.

A *common law certiorari* is a *special proceeding*, within both the letter and spirit of the Code; and this court has the power to *award costs* in such cases, in their discretion. (*The several reported cases upon these questions in this court and in the court of appeals, reviewed.*)

*Fourth department, General Term, September,* 1870.

*Present,* Mullin, *P. J., and* Johnson *and* Talcott, *Justices.*

Motion for reargument of an appeal from an order of special term, refusing to set aside judgment for costs in a proceeding by common law *certiorari,* or to modify the judgment in respect to the costs.

The *certiorari* was brought to review the proceedings of the county judge of Monroe county, in a matter upon *habeas corpus.* Upon the hearing, the order of the county judge was affirmed, and judgment for costs ordered against the *relator.* Motion was then made on behalf of the *relator* at special term, to set aside the judgment for costs, or to modify the same, on the ground that no costs were allowable or could be awarded on common law *certiorari.* This motion was denied, and the *relator* appealed to the general term in the fourth department, where the order of the special term was affirmed. Motion is now made for a rehearing of the appeal on the ground that the question of costs has been decided by the court of appeals, in a case incorrectly reported in (39 *N. Y.,* 506.) by which the general term, was misled.

J. Van Voorhis, *for motion.*
A. J. Wilkin, *opposed.*

*By the court,* Johnson, J.—A certified copy of the order
for judgment in the case of *The People* agt. *Board of Police,*
(39 *N. Y.,* 506 ;) also a letter from the judge who delivered
the opinion in that case, and a letter from the reporter of the
court are produced on this motion, showing that the judg-
ment of the court below in that case, instead of being
affirmed as appears from the report thereof, was reversed
as to costs, which the court below had given, and affirmed
only as to the residue, in accordance with the opinion of
the judge by whom the principal opinion was delivered.
We are also referred to the decision of the same court, in
*The People* agt. *O'Brien,* (6 *Abb. N. S.,* 63,) in which the
opinion of the court is delivered by the same judge, who
delivered the opinion in *The People* agt. *The Board of Police,*
(*supra.*)    These two decisions of the court of last resort,
being in direct conflict with other decisions of the same
court, on the same question, and also, with the overwhelm-
ing weight of authority in this court, it seems fitting and
proper, to re-examine the question for our own guidance,
and if possible ascertain what the true rule is.    Of course,
it is not proposed to dissent from, or to disregard the rule
established by the court of appeals ; but to ascertain what
rule on this subject, if any, is established in that court, and
what is the law.

As the question on the subject of costs on common law
*certioraris'* now stands, it is, perhaps, necessary to ascertain
what is the nature and character of such a proceeding.
A proceeding by a common law *certiorari* has never been
regarded as an action.    It is a remedy, other than by action.
By the Code, section 1, all remedies in courts of justice, are
divided into two classes, 1, actions, 2, special proceedings.
By section 2, actions are defined, and by section 3, it is de-
clared, that "every other remedy is a special proceeding."

a common law *certiorari*, therefore, being a remedy in a court of justice, and not an action, is necessarily a special proceeding, within the very terms and intention of the Code, and it is held to be such by the most decided weight of authority.   In this court, it has been held to be a special proceeding within section 3 of the Code, in *Haviland* agt. *White*, (7 *How.*, 154 ;) *People* agt. *Flake*, (14 *Id.*, 527 ;) *People* agt. *Commissioners of Highways of Schodack*, (27 *Id.*, 158 ;) *People* agt. *Board of Police*, (17 *Abb.*, 324, *note*,) and *People* agt. *Robinson*, decided at general term, in third district not reported but referred to in 27 *How.* (*supra.*)

In the court of appeals, the same has been held distinctly in *The People* agt. *Stilwell*, (19 *N. Y.*, 532,) and in *The People* agt. *Van Alstyne*, (3 *Keyes*, 35,) see also, the cases of, *Canal and Walker Streets*, (12 *N. Y.*, 406 ;) *New York Central R.R. Co.* agt. *Marvin*, (11 *Id.*, 276,) and *King* agt. *The Mayor*, &c. *of New York*, (36 *Id.*, 182,) in which it is held that proceedings under the statute for opening streets and assessing damages, are special proceedings, and appeals therefrom authorized by the act of 1854, chap. 270.   On the other side of this question, in this court, is the case of *The People* agt. *Heath*, (20 *How.*, 304,) in which it was held by a divided court of general term, that a common law *certiorari*, to review proceedings of inferior tribunals, was not, special proceeding within the meaning of the Code, and in the court of appeals judge WOODRUFF expresses the same opinion in *The People* agt. *Board of Police*, (*supra.*)   The *People* agt. *Heath*, is, I believe, the only decision in this court at general term, in which it has been held that such a proceeding was not a special proceeding, within the definition of the Code.   And this was by a divided court, and stands opposed to a large array of general term decisions the other way—and in the court of appeals, the opinion of Judge WOODRUFF, stands in opposition to several decisions in the same court.

On the question as to whether costs may be given in a case

like this, it is decided in each of the cases above cited in
this court, that costs may be given except that of *The People*
agt. *Heath*, which is the other way.   In the court of ap-
peals, costs of appeal were awarded in *People* agt. *Wheeler*,
(21 *N. Y.*, 86;) and in *The People* agt. *Van Alstyne*
(3 *Keyes*, 35) it was expressly held that costs might be
awarded to the prevailing party in such cases.   PORTER, J.,
in delivering the opinion of the court in that case says :
" There was formerly some diversity of opinion as to the
athority of courts to award costs on a common law *cer-
tiorari*.   We have held that these cases belong to the class
of cases embraced in the third section of the Code, and that
such costs may be awarded by the appellate tribunal,"
and he cites in support of his opinion §§ 3 and 318 of
the Code.   (21 *N. Y.*, 86 ; 19 *Id.*, 532 ; 27 *How.*, 158, *and
Sess. Laws of* 1854, *chap.* 270, § 3.)   By the third section
of this act of 1854, courts are expressly authorized to give
costs in their discretion " in special proceedings."   This is
a general provision in its terms, and is in no respect limited
by the preceding sections of the act, and was manifestly
so regarded by the court of appeals in the case in which it
is thus cited.

On the other side, in that court, are the cases before re-
ferred to in 39 *N. Y.*, *and* 6 *Abb. N. S.*, in which it was
held in the former case, as it is now made to appear, and in
the latter plainly by the report of the case, that costs are
not allowable in such cases.   These cases are both later
than that in 3 *Keyes*, but it does not appear that the court
intended to overrule the decision in that case, Judge WOOD-
RUFF delivered the opinion of the court in both of the latter
cases, and in the last, that of *People* agt. *O'Brien*, he says :
Speaking of the decision in *The People* agt. *The Board of
Police*, " the question of costs was not argued nor was
our attention in any manner called to the subject, or to
any law warranting the allowance of costs on *certioraries*
sued out by the people ; I have not found any authority for

such allowance." He further says, " unless my brethren are better informed on that subject and deem the allowance proper, the judgment should be affirmed except as to the award of costs." It thus appears expressly, that the court of appeals in these two later decisions did not intend to over-rule any prior decision of that court, on the same question, or to establish a new and different rule from that already settled. They were made inadvertently, and in entire ob-liviousness of the existence of the former decisions of the court on the subject, and of the statute. They could not re-peal or abrogate the statute, if they had been so intended. That must still stand for the guidance of this court.

In this condition of the decisions of the court of last re-sort, on this question, we are of the opinion, that the former rule of that court on the subject, has not been reversed or deprived of its authority. But, even if it must be held to have been weakened, and rendered in a degree uncertain, we think, we are at liberty to examine the question, and determine for ourselves what the law now is upon the sub-ject. We are clearly of the opinion, that the decision of the court of appeals on a re-examination of the question in view of all the decisions, and of the statute, cannot be doubtful. We are, therefore, constrained to hold that a common law *certiorari* is a special proceeding, within both the letter and spirit of the Code, and that this court has the power to award costs in such cases, in their discretion. The motion for a reargument of the question is, therefore, denied.