PEOPLE ex rel. LASHER et al. v. McNEIL et al., referees, etc.

Highways—"alteration" of.—irregular proceedings.

The widening of a highway is an "alteration" of it. · It is not the "laying out" of a new highway.

Upon a hearing before referees, on appeal from an order of commissioners altering a road, irregularities anterior to the order of the commissioners cannot be considered; nor can such irregularities be considered upon certiorari to the referees.

COMMON-LAW certiorari to bring up an order of referees, affirming an order of the highway commissioners of the town of Germantown, Columbia county, altering a public highway.

The change was, substantially, by adding two rods additional in width to the former road.

People ex rel. Lasher v. McNeil.

At the hearing before the referees, the relators offered to prove that no legally constituted jury had certified to the necessity or propriety of the proposed widening. That three of the jury were related, within the prohibited degrees, to the owners of the land proposed to be taken. That two of the jury were also two of the applicants. That the order of the commissioners purported to be made at the application of William H. De Witt and others; and that William H. De Witt never signed it. That one of the jury was counsel for the applicants in obtaining the verdict. That the widening of the highway, as ordered by the commissioners, was not the widening as applied for, nor as certified to by the jury. The referees excluded the evidence.

*John Gaul, Jr.,* for relators.

*R. E. Andrews,* for respondents.

P. POTTER, J. We think the proceedings of the referees, in this case, must be affirmed. We regard the case to be an *alteration* of a road within the decision in *Garretson* v. *Clark,* Hill & Denio, 162. In such a case no jury was necessary, so that all objections made to the composition of the jury are unavailing. The summoning the jury was an act of supererogation, and does not vitiate, even though the commissioners proceeded upon the erroneous theory of believing it necessary.

The six offers of proof made by the appellant to the referees, even if they contained meritorious matter to have in the case, cannot here be regarded as legal error, upon the authority of *Commissioners of Warwick* v. *Judges of Orange,* 13 Wend. 432, and *People* v. *Van Alstyne,* 3 Keyes, 37. The other objections made to the proceedings do not seem sufficient to reverse them. We think they must be affirmed.

MILLER, P. J., and PARKER, J., concurred.

*Proceedings affirmed.*