IN THE MATTER OF THE HABEAS CORPUS OF GEORGE SAMUEL BARNETT, A MINOR.

*Special proceeding — chap. 270 of 1854 — habeas corpus — costs, when allowed.*

Where, upon the return to a writ of *habeas corpus*, a reference is ordered, witnesses examined and a decision rendered upon a hearing on the whole evidence, costs may be allowed, in the discretion of the court, as in a special proceeding, as provided by chapter 270 of 1854.

APPEAL from an order allowing costs to the relator.

On the application of Eugenie Barher Barnett, the mother of a bastard child named George Samuel Barnett, the Supreme Court granted a writ of *habeas corpus* to obtain possession of said child from David Barnett, its putative father. Return was made charging gross improprieties on the part of the petitioner, to which a traverse was filed denying the charges, and making counter-charges against respondent. The issues thus joined were referred to William Sinclair, Esq., who reported in favor of the petitioner, and awarded

the custody of said child to her, and afterwards such report was confirmed by the court, and, on the 26th day of August, 1876, an order was made confirming said report and awarding costs and disbursements of the proceeding to the petitioner; and, subsequently, such costs were adjusted by the clerk, as follows:

| | |
|---|---|
| Before order of rererence................................ | $25 00 |
| After order of reference................................. | 15 00 |
| Trial, issue of fact..................................... | 30 00 |
| Trial, occupying more than two days..................... | 10 00 |
| Costs of order confirming referee's report.............. | 10 00 |
| | $90 00 |

Disbursements:

| | | |
|---|---|---|
| Referee's fees.............................. | $100 00 | |
| Other disbursements........................ | 5 25 | |
| | | 105 25 |
| | | $195 25 |

From this taxation of the clerk an appeal was taken to the Special Term, where it was affirmed, and from that order this appeal was taken.

*F. J. Fithian*, for the appellant.

*Chas. Blandy*, for the petitioner.

BRADY, J.:

The question presented by this appeal is, whether the petitioner is entitled to costs because, as is insisted, this is a special proceeding, and, therefore, within the provisions of the act of the legislature passed in 1854 (Laws 1854, p. 593, chap. 270, § 3), which declared that costs may be allowed, in the discretion of the court, in special proceedings, and, where so allowed, shall be at the rate allowed for similar proceedings in civil actions. The learned justice who disposed of this matter thought costs should be awarded the petitioner and allowed them. The respondent below appeals. There is no adjudicated case in which costs have been allowed in proceedings on *habeas corpus*. The writ is one of right, and it has not been heretofore trammeled by any consequences, other than the failure

to obtain the object in view when it was applied for, which sometimes occurs. It is, nevertheless, a special proceeding when it is made returnable in court and where, as in this case, it called into exercise the ordinary machinery of the court of law such as the appointment of a referee to take the testimony, the examination of witnesses *pro* and *con.* and the subsequent hearing in due form in court on the whole evidence and the decision of the court thereupon. The Court of Appeals have held that a *certiorari* to review summary proceedings between landlord and tenant was a special proceeding under the act of 1854, *supra*, and that to the successful party costs might be awarded. (*The People* v. *Boardman*, 4 Keyes, 59.) In kindred matters, the same doctrine has been promulgated. (*In the Matter of*, etc., *Rensselaer and Saratoga Railroad Company* v. *Davis*, 55 N. Y., 145; *In the Matter of Dodd*, 27 id., 629; *People ex rel. Van Rensselaer* v. *Van Alstyne*, 3 Keyes, 35, and cases cited; *People ex rel. Latorre* v. *O'Brien* 3 Abb. Court of Appeals Cases, 559; *In the Matter of the Bowery Extension*, 12 How. Pr. Rep., 99.) *In the Matter of Dodd*, it was suggested that in order to make proceedings special under the act in question there must be a ligitation in court. In this case there were proceedings by contest as already stated. Although the writ of *habeas corpus* is a writ of right, and sacred to the cause and principles of liberty, it may nevertheless be abused or the remedy which it is issued to accomplish unjustly refused by the respondent. The writ in other words may be sued out vexatiously, or the refusal to surrender the person detained may be equally vexatious. Whether either of these features exist it is for the court to judge, and hence the discretion which must be called into play before costs can be awarded. If there be reasonable ground to warrant an application for the writ no costs should follow. If there be reasonable grounds for refusing to surrender the person a like result would ensue. This was doubtless all considered by the legislature when the subject of special proceedings was considered and passed upon, and in view of their character including the *habeas corpus* the conclusion was adopted to vest in the court conducting them a discretion to allow or disallow costs. In this case the costs would seem to have been justly awarded and the order granting them should be sustained. The costs allowed embrace, however, only the items for proceedings

after petition and before trial and disbursements. (55 N. Y., Rep., *supra*, 147.) The order appealed from must be modified in this respect, therefore and as modified affirmed without costs.

Davis, P. J., and Daniels, J., concurred.

Order modified as directed in opinion, and affirmed as modified without costs.