THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANKLIN WATERS and others, as Commissioners of Highways of the Town of Hoosick, Appellants, v. JACOB A. DIVER, HARMON COLE AND CHARLES W. LARABEE, Referees on an Appeal brought by DANIEL CARROLL, Respondents.

*Order laying out a highway — when void for uncertainty.*

On an appeal from a decision of the commissioners of highways refusing to lay out a highway, the referees reversed such decision, and ordered a highway to be laid out "beginning at the highway leading from North Hoosick to Hoosick Falls, at a point near the old Chase garden, and nearly opposite the tenement house owned by S. S. Stevens, running in a westerly direction to the Troy and Bennington railroad, and, crossing the same, runs parallel to and with said railroad to Hoosick Junction."

*Held,* that the order was erroneous, and should be reversed, for uncertainty in the description of the highway directed to be laid out.

Appeal from an order made at Special Term, affirming on *certiorari* the proceedings before and decision of the referees, reversing the determination of the commissioners of highways, and directing a highway to be laid out in the town of Hoosick.

The appeal was taken from a decision of the commissioners refusing to lay out the highway.

*R. A. Parmenter,* for the appellants.

*Edgar L. Fursman,* for the respondents.

Bockes, J. :

We are of the opinion that the decision and order of the referees are erroneous, not to say, absolutely void, because of uncertainty in the description of the highway directed to be laid out. The description in the order made by the referees is as follows : " Beginning at the highway leading from North Hoosick to Hoosick Falls, at a point *near* the old Chase garden, and *nearly* opposite the tenement-house owned by S. S. Stevens, running in a westerly direction to the Troy and Bennington railroad, and crossing the same, runs parallel to and with said railroad to Hoosick Junction." This description is not aided by anything in the record making it more definite or certain. Now, conceding that the action of the referees should be deemed, in all respects, as an original proceeding, in so far as it rested with them to determine the merits of the application for the proposed road. (*Comm'rs* v. *Judges of Orange*, 13 Wend., 432; *People ex rel. Bodine* v. *Goodwin*, 5 N. Y., 568; *People ex rel. Hubbard* v. *Harris*, 63 id., 391; *People ex rel. Bailey* v. *Sherman*, 15 Hun, 575), yet, if laid by them, its location should be made certain in or by the order, both as to line and width. In this they would proceed in the same manner as commissioners are directed to proceed in laying out a road. The statute requires that when the latter shall lay out any road, they shall cause a survey to be made of such road, and shall incorporate such survey in an order to be signed by them, and to be filed and recorded in the office of the town clerk. (2 R. S., 151, § 90 [6th ed.]; and it is further provided that all public roads shall be laid out not less than three rods wide. (§ 145, p. 161.) The order made by the referees is indefinite and uncertain, in every particular. It does not comply with the requirements of the statute in any fair sense. There was no survey of the road laid by the referees. Not only is there no width expressed in it, but it is wholly uncertain, both as to the starting point and terminus, nor is the line given by courses and distances. If not entirely straight, then the latter were necessary to the description. It is seen that a record in the town clerk's office is to be made from the order. The necessity for completeness and certainty in the order is quite apparent. It should be so definite in description that it could be used against the commissioners as the foundation

for a mandamus, in case they should be recalcitrant. If the starting point, courses, distances and terminus had been given as a centre line, perhaps the width, to wit, three rods, would have been inferred. (*Lawton* v. *Comrs.*, 2 Caines, 178 ; *The People ex rel. McFarland* v. *Comrs.*, 1 Cow., 23.) We do not intend, however, here to say this would be so. It will be seen, on reference to the cases cited, that the roads there were in fact described with entire certainty as to location, courses, distances, and objects or monuments. In the cases under examination, the location of the road is not made certain in any respect.

We are of the opinion that the order of the Special Term, affirming the order of the referees, should be reversed, as should also the order of the referees brought up by the *certiorari*.

Costs should also be awarded against Daniel Carroll, who instituted the proceedings on the appeal, from the order of the commissioners.

Order of the Special Term, and of the referees, reversed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Order of Special Term and reference reversed, with costs against Carroll.