The appellants, on the application of a person liable to be assessed for highway labor, and after the certificate of twelve disinterested freeholders had been delivered to them, as required by law, made and signed an order discontinuing a road as useless and unnecessary. The order was regular, and fully complied with the requirements of the statute, and the commissioners were shown to have acquired jurisdiction over the subject matter.
The Supreme Court reversed the proceedings of the commissioners, and awarded costs against them, on the single ground, not appearing in the record, that the applicant for the discontinuance of the road was a brother of one of the commissioners who took part in the proceedings, concurred in the determination to discontinue the road, and signed the order to that effect. We think the judgment cannot be sustained, for reasons that will be briefly stated.
1. The record did not show that the applicant was related to the commissioner, and the court below assumed to act upon *Page 84 
a fact not appearing therein, and which the commissioners were not required by the court to return. The main inquiry oncertiorari relates to the power or jurisdiction of the inferior tribunal, and the question can only be determined by matters appearing in the record. When an examination into collateral facts, not properly appearing in the record, is desired, to show want of power or jurisdiction, the appropriate remedy is not bycertiorari. The record in this case properly included the application, the certificate of the freeholders, and the order of the commissioners; or, at most, a history and recital of all the official acts of the commissioners in the course of the proceedings for discontinuing the road. The original return of the commissioners contained all that they were required by the exigencies of the writ to return. The record, therefore, did not and could not show that the applicant was a brother of one of the commissioners; and it was only by what is called in the Case an additional return, compelled by the Supreme Court, that this collateral fact appeared on which a reversal of the proceedings was grounded. The judgment, therefore, was predicated upon a fact not appearing in the record, nor called for by the exigency of the writ, and in respect to which the writ itself, though commanding divers extraneous and irrelevant matters to be certified and returned, made no allusion. The proper record of the statutory proceedings for discontinuing the road, from their inception to the making of the final order by the commissioners, shows no relationship existing between the applicant and either of the commissioners.
2. If it were conceded that the applicant was a brother of one of the commissioners who made the order to discontinue the road, the action of such commissioner, in conjunction with his associates, was not such an irregularity, or usurpation of power, as to vitiate the proceedings. This involves the single inquiry, whether a commissioner of highways is incompetent to act, where the applicant for the discontinuance of a public road is his brother. The only judicial power exercised by the commissioner was in deciding, in conjunction with his associates, to discontinue the road, after the certificate of the freeholders, *Page 85 
that it was useless and unnecessary, had been delivered to them. The summoning and swearing of the freeholders were ministerial acts. It may be admitted, that the statutory provision disqualifying a judge of any court from sitting as such in any cause in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties, is but declaratory of a universal principle, applicable to all who are clothed by law with judicial functions. No judge or officer exercising judicial authority should take part in the decision of any matter or controversy, in which he is personally interested, nor in any cause in which he would be excluded as a juror from consanguinity to either of the parties personally interested in the litigation or matter to be judicially determined. But the difficulty lies in applying the principle to the case in hand, or rather in bringing the case within the reason of the rule. An applicant for the discontinuance of a public highway can in no just or proper sense be termed a party to a cause or judicial controversy. The statute empowers any person liable to be assessed for highway labor to initiate the proceeding by an application in writing addressed to the commissioners of the town in which he resides, but he can do nothing more, and beyond that act he has no control, nor is he recognized as a party in the subsequent proceedings. Indeed, the initiatory act amounts to nothing, unless the freeholders certify that the road is useless and unnecessary. It is not the proceeding of the applicant in the determination of which he has an exclusive personal interest, nor is it his cause in a judicial sense. Indeed, the statute does not contemplate that the applicant should have any direct personal interest in the determination. The public, and not the applicant, are substantially the parties to the proceeding; and it is the public, and not the applicant exclusively, that is interested in, and to be affected by the exercise of the power entrusted to the commissioners. It is on the ground of bias, imputed from interest in, or relationship to the parties interested in a judicial controversy, that the judge is disqualified from acting; but the reason of the rule can have no application to a proceeding of this nature, wherein the really interested parties *Page 86 
are the public, and the exercise of the judicial functions of the officer or board of officers is dependent on and can only follow a strict pursuit of the provisions of the statute. It would certainly surprise the public and the profession to learn that a commissioner of highways is legally incapacitated from acting in any proceeding for laying out or discontinuing a public road, when the applicant is a brother or cousin of such commissioner, or even more remotely related to him. The case of Oakley v.Aspinwall (3 Comst., 547), is no authority for such a position.
The judgment of the Supreme Court should be reversed, with costs of the appeal to this court.