if anything had been found on such person, or in the house, which was connected with the bills found on the prisoner, it would have been evidence for the consideration of the jury,— *a fortiori,* the possession of the wife who was cohabiting with the husband was competent evidence.

A majority of the judges concurred in reversing the judgment.

---

## PEOPLE *ex. rel.* VAN RENSSELAER *v.* VAN ALSTYNE.

### September, 1866.

A road may be laid out or dedicated to the use of the public as a highway, though at one end it may have no outlet, or may terminate in a private way.

On appeal from an order of commissioners of highways, refusing to lay out a highway, if the proceedings on which the order was made are regular on their face, the referees appointed by the county judge to hear the appeal are confined to the consideration of the case on its merits, and cannot hear evidence to impeach the certificate of the freeholders, or to falsify recitals in the order of reference.

Under the act of 1847, c. 455, § 8, the the proper form of an appeal from a decision of highway commissioners is to the county judge, although *it seems* the county *court* have concurrent jurisdiction.

On a common law *certiorari,* costs of an appeal to this court may be allowed to the prevailing party, as this is a special proceeding under section 3 of the Code.*

Alexander Van Rensselaer and others, commissioners of highways of the town of Claverack, in Columbia county, having made an order refusing to lay out a highway, which Peter H. Kipp had applied for, Kipp appealed from their decision to

---

* Explained in People *ex rel.* Spencer *v.* Fuller, 40 *How. Pr.* 35, as not overruled, on this point, by People *ex rel.* Latorre *v.* O'Brien, p. 552 of this volume, and People *v.* Board of Police, 39 *N. Y.* 506. The power to give costs seems now to be recognized, both in the court of appeals and in the commission. People *v.* Cassity, 46 *N. Y.* 46, 57; People *v.* Bull, *Id.* 57, 69; People *v.* Barker, 48 *Id.* 70, 84; People *v.* Ogdensburgh, *Id.* 390, 398.

the county judge of Columbia county, who thereupon made an order, in which, after reciting the taking of the appeal, &c., he appointed James Van Alstyne and others (the present defendants), whom he described as "three disinterested freeholders, who have not been named by the parties interested in the appeal," as referees to hear and determine the appeal.

On the hearing there was put in evidence the usual certificate of the necessity of the road, signed by twelve freeholders of the town.

The highway commissioners sought to impeach this certificate, by showing that the freeholders would not have signed it had not the owners of the land through which the proposed road ran promised that they would give the land and build a fence, and that the road should cost the town nothing. They also offered to show, that after the making of the certificate, and before the making of the order refusing to lay out the road, the said owners being requested by the commissioners to reduce their promise to writing, refused to do so; whereupon the commissioners had refused to lay out the road.

The commissioners also offered to show, that the recital in the judge's order that the persons appointed by him as referees were not named by the parties interested, was false in fact.

Both these offers of evidence were excluded, and exceptions were taken.

The commissioners showed that the southern termination of the proposed road was on a road recorded in the town clerk's office as a private road, and not as a public road.

The referees, however, upon proof that the so-called private road had for nearly fifty years been used as a public road, regarded and treated it as one. They accordingly reversed the order of the commissioners, and made an order laying out the road applied for.

The commissioners thereupon obtained a writ of *certiorari* from the supreme court, to review the proceedings of the referees.

*The supreme court*, at general term, held that the question whether a road was a public road or not was a question of fact, and that the decision of the referees on that point was not the

subject of review. That the question as to whether one or more of the referees had been appointed on the application of the appellant from the order of the commissioners, could not be raised on *certiorari*, as the objection did not appear on the record; and that the proper remedy was to apply to the judge for appointment of other referees. The court also held that no notice of the application for the appointment of referees was necessary to be given to the commissioners. From the decision of the general term the commissioners appealed to this court.*

*John H. Reynolds* and *C. P. Collin*, for appellants.—The certificate of the freeholders is a jurisdictional step, and whether the certificate had been properly obtained was open to dispute before the referees. People *v.* Comms. of Seward, 27 *Barb.* 94; Town of Galatin *v.* Loucks, 21 *Id.* 578. The appeal from the order of the commissioners should not have been to the county judge but to the county court of Columbia county. *Code,* § 30, subd. 11, which repeals, because inconsistent, so much of *L.* 1847, c. 455, § 8, as authorizes an appeal in these cases to a county judge. The question whether the referees were named by the parties should have been allowed. A referee named by the party had no right to sit. People *v.* Comms. of Cherry Valley, 8 *N. Y.* 476; People *v.* Flake, 14 *How. Pr.* 527. The road intersected by the proposed road was a private road, and was so recorded. It ended in a *cul-de-sac.* The public had no passage over it, and no amount of usage for any length of time could make it a public highway. Holdane *v.* Trustees of Cold Spring, 23 *Barb.* 115; affirmed in 21 *N. Y.* 474; decision in this case, 32 *Barb.* 131. It was not a way or thoroughfare, which is a way or street so open that one can go through and get out without returning. *Bouv. Law Dict.; Webs. Dict.* It had never been dedicated to public use or adopted by the commissioners, nor declared a highway by statute, and had never been used as a highway by the public. City of Oswego *v.* Oswego Canal Comms., 6 *N. Y.* 257; Harrington *v.* People, 6 *Barb.* 607; People *v.* Kingman, 24 *N. Y.* 559.

---

* There is a decision at special term on a motion for an amended return to the *certiorari,* reported in 32 *Barb.* 131.

People *ex rel.* Van Rensselaer *v.* Van Alstyne.

*John Gaul, Jr.,* for respondents.—The referees were correct in refusing evidence to impeach the certificate of the freeholders. People *v.* Goodwin, 5 *N. Y.* 568; Commissioners of Warwick *v.* Judges of Orange, 13 *Wend.* 432. The question as to whether the road intersected was a public road was a question of fact, and the decision of the referees not subject to review. Simpson *v.* Rhinelander, 20 *Wend.* 103; *Exp.* Mayor of Albany, 23 *Id.* 287; Johnson *v.* Moss, 20 *Id.* 145; People *v.* Kingman, 24 *N. Y.* 559. The respondents should recover costs of this appeal. People *v.* Comms. of Schodack, 27 *How. Pr.* 158; Haviland *v.* White, 7 *Id.* 154; People *v.* Flake, 14 *Id.* 527.

PORTER, J.—The decision was right, upon the merits. The road was laid out between two highways. One of these was unrecorded; but the fact is established, by the proof and the finding, that for more than twenty years it had been used as a public highway, and it therefore became such by force of the statute. 1 *R. S.* 521, § 100.

If, however, the fact had been otherwise, the authority of the referees to lay out the road would have been equally clear. It was formerly supposed that, by the rules of the common law, a mere *cul de sac* could not be a highway, open, of right, to all The contrary doctrine is now well settled in this State, as well as in England. A road may be laid out or dedicated to the use of the public as a highway, though at one end it may have no outlet, and may abut upon private property, or encounter an impassable barrier. People *v.* Kingman, 24 *N. Y.* 559; Wiggins *v.* Tallmadge, 11 *Barb.* 457; Bateman *v.* Bluck, 14 *Eng. L. & Eq.* 69.

The proceedings anterior to the order of the commissioners being regular upon their face, the jurisdiction of the referees was limited to the consideration of the case upon the merits. They were right in rejecting the evidence offered for the purpose of impeaching the freeholder's certificate. It was made by the persons and in the mode prescribed by statute; it had performed its office, and the referees had no authority to vacate it. Commissioners of Warwick *v.* Judges of Orange, 13 *Wend.* 432;

People *v.* Wheeler, 21 *N. Y.* 82; People *v.* Commissioners of East Hampton, 30 *Id.* 72.

The facts proposed to be proved were insufficient to annul the certificate, even if the inquiry had been one which the referees were at liberty to entertain. The offer was, in substance, to show that certain persons, who were neither parties nor relators, but who owned lands over which the road was to pass, promised, if the highway was laid out, to claim no compensation for their lands, and to protect the town against cost; and that afterward they refused to reduce the promise to writing, and revoked their conditional consent to waive compensation. If the commissioners had acted on their parol consent before it was withdrawn, their claims to compensation would have been barred. People *v.* Goodwin, 5 *N. Y.* 568. If such an engagement had been entered into in writing by the owners, it would not have vitiated the certificate. Not being in writing, until it was acted on, it was revocable; and its revocation furnishes no warrant for the assumption that the certificate of the freeholders was false.

The referees were right also, in rejecting the evidence, offered for the purpose of falsifying the recital in the order appointing them, that they were not nominated by parties interested in the appeal. It was sufficient for them that the county judge had jurisdiction to make the order, and it was neither their duty nor their right to institute a collateral inquiry as to his good faith in the discharge of his official duty. Bingham *v.* Disbrow, 37 *Barb.* 24, 28; Commissioners of Warwick *v.* Judges of Orange, 13 *Wend.* 432; People *v.* Wheeler, 21 *N. Y.* 82, 84.

It is claimed that the proceedings should be reversed on the ground that the appeal from the original order should have been to the county court, instead of the county judge. No such objection was taken before the referee, and if made, it would have been unavailing. The appropriate remedy, in case of a mere formal defect, is by motion to dismiss the appeal. But there was no defect, even in form. The appeal was properly made to the county judge. It was taken in the mode prescribed by the act of 1847, the provisions of which, in this respect, have never been repealed, though in another particular they have been modified by subsequent legislation. Under that act

it was made the imperative duty of the county judge to appoint referees, and to commit this class of appeals to them for determination. 3 *Edm. Stat. at L.* 314, § 8. By the Code, concurrent jurisdiction has since been extended to the county court, but without changing the statutory form of appeal from the order of the commissioners, or divesting the county judge of authority to direct a reference. *Code of Pro.* § 30, subd. 11.

Other objections to the proceedings were urged by the appellants, but they are such as do not call for special consideration.

There was formerly some diversity of opinion as to the authority of the courts to award costs on appeal to the prevailing party on a common law certiorari. We have held that these cases belong to the class of special proceedings embraced in section 3 of the Code, and that such costs may be awarded in the appellate tribunal. *Code of Pro.* §§ 3, 318; *L.* 1854, p. 593, § 3; People *v.* Wheeler, 21 *N. Y.* 82, 86; People *v.* Stilwell, 19 *Id.* 531, 532; People *ex rel.* Muller *v.* Commissioners of Schodack, 27 *How. Pr.* 158; People *v.* Flake, 14 *Id.* 527.

The judgment should be affirmed, with costs of the appeal to this court.

All the judges concurred.

Judgment affirmed, with costs.