THE PEOPLE ex rel. ABRAM ODLE, Appellant, *v.* JOSIAH KNISKERN et al., Respondents.

Where two appeals are pending before a county judge at the same time from conflicting orders of different commissioners of highways in reference to the same road, the one refusing and the other ordering the road to be laid out, an order referring both to the same referees is valid and proper.

Referees appointed to review the order of commissioners of highways in proceedings for the laying out of a highway, have no power to review the proceedings before the jury of freeholders who made the certificate upon which the proceedings are based, where the certificate of the freeholders is formally correct, their authority is confined to the merits, *i. e.*, the necessity and propriety of laying out the road.

Accordingly *held*, where it was offered to be shown before the referees that the applicant for the road made certain false representations before

the freeholders, calculated to influence their action, that such evidence was properly excluded.

In any proceeding to condemn the private property of a citizen for a public use, all notices and hearings that may tend to give the party to be affected any semblance of benefit, must be carefully observed.

In proceedings for the laying out of a highway conflicting orders of different commissioners, one laying out and the other refusing to lay out the highway, were appealed from and were referred to the same referees, due notice of the hearing of the appeals was given to all the parties, and the referees also gave notice that at the time fixed for hearing the appeal they would meet to decide upon the application for the road, the referees reversed both orders, and then, without serving any additional notice upon the owners and occupants of the lands affected, proceeded to lay out the highway applied for. *Held* (EARL, C., dissenting), that the proceedings of the referees were void for want of proper notice.

(Argued March 9, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial district, affirming, upon writ of certiorari, the proceedings of referees in laying out a highway.

On the 9th day of January, 1864, one Norman Niver, a resident, landowner and tax-payer in the town of Copake, Columbia county, made application to the commissioner of highways of said town for the laying out of a road therein through the lands of Abram Odle, among others. A jury of freeholders of said town was convened, who, on the 18th day of January, 1864, certified that said highway was necessary and proper. Wm. R. Snyder, then sole commissioner of said town, thereafter, on the 5th day of February, 1864, decided and certified that said highway was unnecessary, and refused to lay out the same, and his decision was duly filed and recorded in the town clerk's office of Copake on the 9th day of February, 1864. On the 11th day of March, 1864, said Norman Niver appealed to the county judge of Columbia county from this decision of the commissioner of highways. Thereafter, on the 26th of March, 1864, after the expiration of the term of office of said Wm. R. Snyder, as commissioner of highways, said Norman Niver presented to Philo Melius, the new commissioner, a second application for the laying out of said

highway, and accompanied it with, and founded it upon, the original certificate of the freeholders.

Philo Melius, the new commissioner of highways, on the the 7th day of April, 1864, made an order laying out the highway applied for, which was duly recorded in said town clerk's office on the 8th of April, 1864. On the 30th of May, 1864, said Abram Odle appealed to the county judge from said last-mentioned decision.

The appeal of Norman Niver from decision of Commissioner Snyder was filed with the county judge April 6th, 1864. The appeal of Abram Odle from decision of Commissioner Melius was filed with the county judge May 30th, 1864.

On the 22d day of June, 1864, the county judge, by one and the same written instrument, appointed Josiah Kniskern, Egbert Silvernail and Simeon M. Collier referees to hear both appeals.

On the 29th day of August, 1864, the referees gave to Norman Niver, Abram Odle, William R. Snyder, formerly sole commissioner of highways of the town of Copake aforesaid, and Philo Melius (then sole commissioner of highways of the town of Copake aforesaid) a written notice, entitled in both appeals to the effect that on the 20th day of September, 1864, they would proceed to hear and determine the said appeals, at which time they met and adjourned the hearing of the testimony on said appeals until the 27th of October, 1864. On the 19th of October, 1864, before any testimony had been taken in the appeals, the referees gave notice to said Abram Odle and to the New York and Harlem Railroad Company, as owners and occupants of lands, through which the proposed highway was to run, that upon said 27th day of October, 1864, they would meet to decide upon the application for said road.

On the 27th of October, 1864, the referees met at the appointed place and took testimony; and on the 28th of October, 1864, they made and signed their decision in writing, whereby they reversed the decisions and orders of both commissioners appealed from; and without serving any addi-

1873.]    PEOPLE ex rel. ODLE *v.* KNISKERN et al.    55

Statement of case.

tional notice upon the said owners and occupants, proceeded to lay out the highway applied for.

Other facts appear in the opinions.

*John Gaul, Jr.,* for the appellants. The appointment of the referees was void, because it embraced and united two appeals. (Laws of 1847, chap. 455, § 8; 3 R. S. [Edmonds' ed.], 314, § 8; 1 id., 478, § 85.) It was proper to inquire before the referees whether the certificate of the freeholders had been legally obtained. (*People* v. *Van Alstyne*, 32 Barb., 131; *People* v. *Comrs. of Seward*, 27 id., 94; *Town of Gallatin* v. *Loucks*, 21 id., 578; *People* v. *Kline*, 23 id., 197; *Clark* v. *Underwood*, 17 id., 202; *Sanford* v. *Handy*, 23 Wend., 260; *Burtiss* v. *Tesdale*, 4 Barb., 571; *Willink* v. *Vanderveer*, 1 id., 599.) The referees failed to give the notice required by statute, and their order laying out the highway was void. (Laws of 1847, § 8; 1 R. S., 514, § 62; id., 518, §§ 89, 91; id., 519, §§ 91, 95; *People* v. *Judges of Herkimer Co.*, 20 Wend., 186; *People* v. *Robertson*, 17 How., 74; 1 Edmonds' Stat., 474, § 62; *People* v. *Comrs.*, 4 Seld., 480; *People* v. *Barber*, 12 Barb., 193; 4 Hill, 76; 2 Den., 323; 10 N. Y., 330; *People ex rel.* v. *Hulburt*, MS. opinion CHURCH, Ch. J.; *People ex rel.* v. *Smith*, MS. opinion ALLEN, J.)

*Martin H. Dorr* for the respondents. The referees had jurisdiction to hear and decide both appeals. (Laws of 1847, chap. 455, § 8; 2 R. S. [5th ed.], 403, § 123; 34 Barb., 578; 36 id., 164; 36 N. Y., 219.) The referees could not entertain an objection to the regularity of the proceedings, anterior to the decision of the commissioners. (2 R. S. [5th ed.], 404, § 127; 13 Wend., 432; 2 Caines, 182; 17 Abbott's Pr., 331; 35 Barb., 317; 54 id., 589; 21 N. Y., 84; 30 id., 72; 36 id., 219; 3 Keyes, 35; 20 Ind., 270; 14 Wis., 266; 5 R. I., 325.) The referees were not bound to make a return of proceedings which had not occurred before them. (2 Caines, 180; 2 Hill, 11; 3 Sandf. [S. C.], 593; 5 N. Y., 568; 30 id., 72.) Their

decisions in admitting or rejecting evidence cannot be reviewed by a common-law certiorari. (6 How. Pr., 25; 16 id., 43; 4 N. Y., 441.) They gave all the notice that was required. (17 How. Pr., 74; 46 Barb., 208; 38 N. Y., 360.) The referees having reversed the order of Commissioner Snyder, correctly proceeded to lay out the road. (12 Barb., 193; 1 R. S. [Edmonds' ed.], 479, § 91; 17 How. Pr., 74; 8 N. Y., 476.) It was proper for them to lay out the highway on the route specified by the freeholders. (23 Wend., 360; 17 How. Pr., 74.) The evidence given before the referees is conclusive that it was necessary and proper to lay out the proposed highway. (12 J. R., 455; 1 Cow., 251; 3 Keyes, 35; 40 N. Y., 154.) The proceedings of the referees having been regular and within their jurisdiction, they were properly affirmed, with costs. (Laws of 1854, p. 593, § 3; Code, § 318; 2 Edmonds' Stat., p. 643, § 39; 3 Lans., 148; 5 id., 352; 14 How. Pr., 527; 27 id., 158; 40 id., 35; 3 Keyes, 35.)

REYNOLDS, C. The order appointing the referees was not void for the reason that it embraced both appeals from the conflicting determinations of the two commissioners of highways—the one refusing and the other ordering the road to be laid out upon the same certificate of the freeholders. It related to the same road and the same controversy, and it is quite impossible to perceive how the union of the two appeals in one order of reference could, in the very remotest degree, prejudice the rights of anybody concerned.

It may be assumed that the certificate of twelve freeholders, obtained according to all the substantial forms of law, was essential to support an order laying out the road, but it by no means follows that all the proceedings before the inferior tribunals, by which that result is reached, are open to review in this court. It is often said that fraud of any kind is so abhorred by the law that it is fatal to all proceedings. In a largely qualified sense this may be true, and fraud ought to be condemned in all places. In this case the alleged fraud consisted in this: It was offered to be shown before the

referees that the applicant for the road falsely represented before the jury of freeholders who made the certificate that the Harlem Railroad Company would pay the expense of the new crossing over its road; that the town of Taghkanic would pay the expense of the road, and that Copake would be relieved of expense, and that the old road should be closed by common consent. The referees very properly refused to hear any such evidence. They were hearing in review the order or orders of the commissioners, and had an apparently proper certificate of the freeholders before them. Where any power is given for the referees to review the proceedings before the freeholders on appeal for irregularities is not discovered, and for very obvious reasons, it does not exist. They might just as properly have received evidence that some person just escaped from a lunatic asylum had told the jury the certificate ought to be given, and they had given it accordingly. In all special proceedings of this character it is a matter of public necessity that the action of subordinate officers must, at a certain stage, be regarded as a finality.

But I am of the opinion that the proceedings of the referees and the judgments of the courts below must be reversed, because the order laying out the road was made without due notice to the relator. In the present case the referees having given notice of the hearing of the appeals, and having heard the parties thereon, reversed the order of Commissioner Snyder refusing to lay out the road on the merits, and also the order of his successor, Melius, for want of jurisdiction, and then proceeded to lay out the road without any further notice to the party whose lands were to be affected. This, in my judgment, was very plain error. The referees had two orders before them—one refusing and the other laying out the road. They reversed both, and upon the question of further notice, it matters not for what reason. The affirmance of both orders would have been absurd, and the reversal of both left the case to be considered upon the certificate of the freeholders, and such other facts as they might properly consider. Of any further proceeding the relator was entitled to

notice and to be heard, if such was his desire. In any proceeding to condemn the private property of any citizen for a public use, all notices and hearings that may tend to give the party to be affected any semblance of benefit, must be carefully observed. In this case, as conflicting orders were made by different commissioners, both of which the referees felt constrained to reverse, it appears to present a case where the parties to be ultimately affected ought to have been heard.

I think the judgment of the Supreme Court should be reversed, as also the order of the referees laying out the road, with costs to the appellant.

EARL, C. (dissenting). Upon the hearing before the referees, the counsel for Odle, the relator, made the objection that the order of the county judge appointing the referees was void, because it embraced the two appeals, one from the order of Commissioner Snyder refusing to lay out the road, and the other from the order of Commissioner Melius laying out the road. The referees overruled this objection, and this ruling is now relied upon as error.

I am of opinion that the order was not, for the reasons stated, illegal. Such an order is not in conflict with any statute. There can be no dispute that the county judge might, by separate orders, have appointed the same persons referees in both appeals. As both appeals related to laying out the same highway, and involved the same subject-matter, there was great propriety in appointing the same referees to hear both.

The fact that the county judge appointed the referees by one order, instead of formally writing out two orders, could work the relator no harm and deprive him of no rights. Where there are several appeals by different persons from the same determination of highway commissioners, it is the duty of the county judge, by statute, to appoint the same referees by a single order, to hear all the appeals (Laws of 1847, chap. 455, sec. 8), and while the statute has not specially provided for such a case, there is just as much propriety in

making the appointment of the referees in the same way when two appeals pending at the same time are from different orders relating to the same road and involving the same subject-matter.

Upon the hearing before the referees the relator offered to show that the certificate of the freeholders, certifying to the necessity of the road was obtained by fraud; and this he offered to show by proof that the applicant for the road represented before the freeholders that the Harlem Railroad Company would pay the expense of the crossing of the new road over their railroad, that the town of Taghkanic would pay the expense of the road, and that the town of Copake would be relieved of the burden of building the road, and further, that the old road should be shut; that the persons living on it would consent to its being shut; and that these several statements were false, and were, by the applicant, so known to be at the time they were made. This proof was excluded by the referees, and this exclusion is also now relied upon for error.

I am of opinion that the referees decided correctly in this respect for several reasons. (1.) There was no offer to show that the certificate was procured by the false statements alleged. For aught that appears from the proof offered, at least twelve of the fifteen freeholders who signed the certificate would have signed the same if the statements had not been made. There was no offer to show that the freeholders gave the certificate in consequence of the false statements alleged to have been made. They may have listened to the statements and granted the certificate upon the true merits of the case. (2.) It is not disputed that the proceedings of the freeholders were regular, and that their certificate was formally correct. But it is sought to attack it in an appellate proceeding on the ground that certain false statements were made before them which influenced their decision. This cannot be tolerated. The merits of the case were before them. They examined the route of the proposed highway and heard the allegations of the parties inte-

60  ·  PEOPLE ex rel. ODLE *v.* KNISKERN et al.  ·[June,

· Dissenting opinion, per EARL, C.

rested; and, being residents of the town, they may be supposed to háve had personal knowledge of the necessity of the proposed highway. Under these circumstances they made a judicial determination, certifying to the necessity and propriety of the highway, and it would be quite anomalous in an appellate proceeding to allow an inquiry into the motives and reasons which influenced their decision. The applicant for the highway is required to give notice of the time and place of meeting of the freeholders, and all the parties interested have the right to be heard before them. Any one can object to and contradict any false statements, and the freeholders can inquire into and consider them. Arguments made before them may be sound or unsound; statements of facts may be true or untrue; and yet they are to decide upon the necessity and propriety of the highway, and there is no way to impeach their decision for any mistake of law or fact, and it certainly cannot, upon appeal from the subsequent order of the highway commissioners, be impeached for fraud. It may be that the commissioner of highways could refuse to act upon a certificate of freeholders obtained by fraud, and if an attempt were made by mandamus to compel him to act, he might show the fraud as a defence; or it may be that an interested party might commence a suit in equity, to annul the certificate on the ground of fraud, and to restrain all action based upon it. I can discover no other way in which it should be allowed to be assailed for fraud. (3.) But there is a still further ground for upholding the decision of the referees upon this question, equally satisfactory. Referees appointed under the Law of 1847 (chap. 455), have the same powers as the judges of the Common Pleas before possessed, and it was said by Judge SPENCER, as early as *Lawton* v. *The Commissioners of Cambridge* (2 Caines' Cas., 179), that the authority of the judges on such appeals, " was confined to the merits alone—the fitness or unfitness of laying out the road." The precise question was involved in the case of *The Commissioners of Highways of Warwick* v. *The Judges of Orange County* (13 Wend., 433), and it was there

1873.]     People ex rel. Odle v. Kniskern et al.     61

Dissenting opinion, per Earl, C.

decided that " on an appeal from the decision of commissioners of highways in refusing to lay out a road, the judges have no authority to entertain an objection to the regularity, of the proceedings anterior to the decision of the commissioners ; that their decision can only be on the merits as to the necessity and propriety of laying out the road ; that if any irregularity has intervened previous to the decision of the commissioners, it can be corrected only by *certiorari* directed to the commissioners." The reasoning of the learned judge who gave the opinion in that case, is quite satisfactory, and the decision itself has been so long generally acquiesced in that it should be followed in this case.

It is further claimed that the referees erred in laying out the highway without giving the previous notice to the occupants of the land which the statute requires. The referees gave the requisite notices that they would hear the appeals on the 20th day of September, 1864. They met on that day, and having personally examined the route of the proposed highway, adjourned the further hearing to the twenty-seventh day of October. On the nineteenth day of October, they served upon the occupants of the land a notice that they would meet at a place named, being the same place to which they had adjourned, on the twenty-seventh day of October, to decide upon the application for the highway. It is objected that this last notice was insufficient, because it was served before they had made their decision upon the appeal. The referees were required to proceed in the same manner as the judges of the Common Pleas had been required to proceed. (Laws of 1847, chap. 455, § 8.) By the Revised Statutes (1 R. S., 520, § 91), in case the judges reversed the determination of the commissioners refusing to lay out a road, they were required to lay out the road, and, in doing so, to proceed in the same manner in which commissioners of highways were directed to proceed in the like cases; and before commissioners could determine to lay out a highway, they were required to give a notice of three days to the occupants of the land. (1 R. S., 515, § 62.) The sole question on this branch of the case is whether the notice

given on the ninteenth day of October was sufficient to authorize the referees to lay out the highway. The sole object of this notice to the occupants, is to enable them to be present and be heard in reference to laying out the highway, and this object is as effectually accomplished by giving the notice before they decide the appeal as after. The statute does not require that the notice shall be given after the decision of the appeal, but that the referee shall thereafter proceed in the same manner as commissioners of highways, and if they have already given the notice, they can proceed at once to lay out the road. This mode of procedure is most practicable and convenient, as it makes unnecessary an adjournment for three or more days, that the notice may be given after the decision.

I am, therefore, of the opinion that there is no reason for disturbing the judgment of the General Term, and the same should be affirmed, with costs.

All concur for reversal, except EARL, C., dissenting.

Judgment reversed.