THE PEOPLE ex rel. SOPHIA COOKE et al., Appellants, *v.* THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF GREENBURGH et al., Respondents.

The provision of the Revised Statutes (1 R. S., 514, § 58), prohibiting the laying out of a highway through a garden which has been previously cultivated for four years, does not apply to all land inclosed with a garden. The protection of the statute extends only to land which is part of a cultivated garden, and actually used as such.

Under the provision of the statute (chap. 455, Laws of 1847), providing that upon appeal from a determination of commissioners of highways in proceedings for the laying out of a highway, in case of disability of a county judge, one of the justices of the sessions shall appoint the referees, the county judge has no right to make an order designating the justice to make the appointment, but such an order being a nullity does not affect the validity of an appointment made by the justice so designated.

(Argued May 16, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming the proceedings for the laying out of a highway in the town of Greenburgh, Westchester county, brought up for review by writ of *certiorari*.

In the year 1867, proceedings were regularly instituted to lay out a highway in the town of Greenburgh, Westchester county, and the commissioners of highways laid out the same. The relators, Amelia Cook and Sophia Cook, appealed from the determination of the commissioners to the county judge. The county judge having been counsel for the applicant for the road, one of the justices of the sessions appointed three referees to hear the appeal. The referees heard the appeal and affirmed the determination of the commissioners. The

writ of *certiorari* was directed to the referees, commissioners and town clerk, alleging that the highway was laid out through their garden, and that the referees were illegally appointed. Other facts appear in the opinion.

*Robert Cochran* for the appellants. The commissioners had no jurisdiction to lay out the road through land of the relators, which had been used more than four years prior to the application as a garden. (*Albany N. R. R. Co.* v. *Brownell*, 24 N. Y., 345; *People* v. *Kingman*, id., 559; *People* v. *Eggleston*, 13 How. Pr., 123; *Harrington* v. *People*, 6 Barb., 607; *Lansing* v. *Caswell*, 4 Paige, 519; *Ex parte Clapper*, 3 Hill, 458; *People* v. *Judges of Dutchess Co.*, 23 Wend., 360.) The appointment of the referees was premature. (2 R. S. [5th ed.], 403, § 123; 395, § 71.)

*Odle Close* for the respondents. The finding of the referees and the commissioners that no part of the land over which the highway runs is a garden is conclusive. (Thompson on Highways, 162.) That portion of the relators' land, not cultivated as a garden, although in the same inclosure with their garden, is no part of it within the meaning of the statute prohibiting the laying out of a highway through a garden. (*People ex rel. Seward* v. *The Judges of Dutchess Co.*, 23 Wend., 360; *Snyder* v. *Plass*, 28 N. Y., 465–478; Thompson on Highways, 161, 162.)

Earl, C. The statute (1 R. S., 514) provides that " no public or private road shall be laid out through any orchard or garden without the consent of the owner thereof, if such orchard be of the growth of four years or more, or if such garden has been cultivated four years or more before laying out of such road," and the principal question to be determined in this case is whether this provision has been violated.

A garden is a piece of ground appropriated to the cultivation of herbs or plants, fruits and flowers. It is usually a small plot of ground near a dwelling-house, and used in con-

nection therewith. To have the protection of this statute it must have been cultivated for four years. It is not sufficient that the land is inclosed with a garden, but it must be a part of a *cultivated* garden.

The plot of ground taken in this case is a small triangular piece, the sides of which are twenty-two, twenty-three and thirty-one feet, on the northerly end of a larger piece in which there is a garden. This piece does not seem adapted to garden purposes, and is not in any way essential to the use of the remainder of the large piece as a garden. The taking of this piece for the highway does not interfere in any way with the use of the remainder as a garden. The only question, therefore, is whether this small piece had actually been used as a garden for four years. The freeholders who viewed this road and certified as to its propriety, the commissioners of highways, and the referees appointed upon the appeal, all determined that it was not a garden, and as all these officers had the benefit of a view of the locality, the printed evidence showing the garden should be quite clear before we reverse their determination, particularly after it has been affirmed at General Term of the Supreme Court.

There was no appearance of a garden there in June, 1867, when the road was laid out, and the evidence is far from satisfactory that this plot was ever cultivated as a garden, but particularly so that it had been thus cultivated for four years. The decision of the commissioners and referees was, therefore, in this respect, properly affirmed.

It is also objected that the referees were not properly appointed. The county judge having been counsel, and being thus disqualified, made an order that the appointment of referees be referred to David K. Conklin, one of the justices of the sessions of the county.. By section 8 of chapter 455 of the Laws of 1847, it is provided that, in case of any disability of the county judge for any cause, one of the justices of the sessions shall appoint the referees. It is complained here that the county judge had no right to make an order designating a particular justice of sessions to make the

appointment. This is true; all the county judge should have done was to make a certificate showing his disability. This order was a mere nullity; it did no harm. Conklin was entirely qualified, and, so far as I can discover, no complaint was made against him. The order did not deprive the other justice of his right to act. The justice who made it was qualified to make it. The appointment was, therefore, valid and regular, and furnishes no ground of error.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.