Order reversed and judgment of trial court affirmed.

---

The People ex rel. Harmon Becker, Appellants, *v.* Isaac A. Burton et al., Commissioners, etc., Respondents.

The Same, Appellants, *v.* Thomas Shiland et al., Referees, etc., Respondents.

Where the proceedings of commissioners of highways, in laying out a highway, are brought up for review upon writ of certiorari, this court, in reviewing the determination of the General Term of the Supreme Court thereon, can only take notice of the facts stated in the commissioners' return. The affidavits upon which the writ was granted form no part of the return, and neither the facts therein stated nor the facts appearing in the evidence given before referees on appeal from the decision of the commissioners can be considered in determining whether the commissioners acquired jurisdiction.

Accordingly, *held,* where the order laying out the road, made part of the commissioners' return, stated that notice in due form of law was given

to H., "the owner and occupant of the lands," through which the highway was to run, of the time when and the place where the commissioners would meet to decide upon the application, and where the return also alleged such service, and that H. attended the meeting, that these statements were conclusive, although in the affidavits and evidence it appeared that J. was the occupant.

*It seems*, that, it appearing that H. was the owner of the lands and that he had opportunity to be and was heard in relation to the application, even if J. was the occupant and had no notice, H. could not be prejudiced thereby, and could not raise the objection.

As to whether the omission to give J. notice would have been available to him for reversing the proceedings, *quære*.

*It seems*, that on appeal from the determination of commissioners of highways laying out a highway no notice of the time and place of hearing the appeal before referees is required to be given to the owner or occupant of the lands to be taken. The only notice required to be given is to the commissioners and to one or more applicants for the road. (1 R. S., 518, § 87.)

An owner who appears and is heard before the referees without objecting to their jurisdiction because of omission to serve notice upon him, cannot raise the objection on appeal from the decision of the referees.

It is not necessary to the validity of an order of referees, affirming upon appeal a decision of highway commissioners laying out a highway, that it should show that all of the referees met to deliberate on the subject-matter of the order or were notified so to do, and such an order is not void, although signed by only two of the referees. (1 R. S., 519, § 89.)

If presence or notice to all the referees was required, a return by the referees upon appeal from their decision, signed by all the referees, stating that all were present at the hearing and when the decision was made, and deliberated thereon, is sufficient to sustain the order.

(Argued May 5, 1875; decided June term, 1875.)

THESE are appeals from judgments of the General Term of the Supreme Court, in the third judicial department, in the first case, affirming on *certiorari* the proceedings of the defendants as commissioners of highways in laying out a highway in the town of Easton, Washington county, and, in the last, the decision of the referees, on appeal, affirming the determination of the commissioners in laying out the said highway.

The facts, so far as they are material to the decision of the appeals, sufficiently appear in the opinion.

*Geo. W. Miller* for the appellant. The service of notice in writing on the occupant was indispensable to confer jurisdiction, and the question was properly raised on *certiorari*. (*People* v. *Osborne*, 20 Wend., 186; *Comrs.* v. *Judges of Orange*, 13 id., 432; *People* v. *Comrs. of Dutchess*, 23 id., 360; *Terpenning* v. *Smith*, 46 Barb., 208; *People* v. *Comrs. of Seward*, 27 id., 94; *Town of Gallatin* v. *Loucks*, 21 id., 578; *People* v. *Van Alstyne*, 32 id., 131; *People* v. *Robertson*, 17 How., 74; *People* v. *Goodwin*, 5 N. Y., 568–572; *Ex parte Clapper*, 3 Hill, 458; Thompson on Highways, 212, 213.) The order of the commissioners to be valid must show on its face that all met, or that all were notified of the meeting and the object of it. (Cooke's Manual, Highways of N. Y., 117, 118; 1 R. S., 525, § 125; *People* v. *Williams*, 36 N. Y., 441; *People* v. *Hynds*, 30 id., 470; *Stewart* v. *Wallis*, id., 344; *Fitch* v. *Comrs. Kirkland*, 22 Wend., 132.) A notice of appeal was necessary. (1 R. S., 518, § 89; *Getselle* v. *Col. Tpke. Co.*, 3 J. Cas., 107; *People* v. *Tullman*, 36 Barb., 222; *Comrs.* v. *Claw*, 15 J. R., 537; *Broadhurst* v. *Prest., etc.*, 16 id., 8; *People* v. *Crozier*, 12 Abb., 445; *People* v. *Judges of Herkimer*, 20 Wend., 186.) Any person considering himself aggrieved in the laying out of a highway may appeal, whether he is in fact aggrieved or not, or whether or not the road is laid through his land. (*People* v. *Comrs.*, 16 J. R., 61; *Clark* v. *Phelps*, 4 Cow., 190; Cooke's Manual, 128, 147.)

*S. Thomas* for the respondents. The commissioners were officers *de facto*, and their acts affecting the public or third persons are valid. (1 Hill, 674; 2 Barb., 324; 7 J. R., 549; 4 Seld., 87; 1 Den., 579; 5 Hill, 616.) The proceedings of the commissioners were regular, and they had jurisdiction to make the order. (20 Wend., 625; 23 id., 286; 17 J. R., 131; 19 Abb., 99; 21 N. Y., 82; 65 Barb., 473.) The waiver of the notice of hearing by appellant was equivalent to actual notice. (*People* v. *Albright*, 14 Abb., 308; 23 How., 306; *People* v. *Judges of Herkimer*, 20 Wend., 186; 3 Cow., 511;

1875.]      PEOPLE ex rel. BECKER *v.* BURTON et al.      455

Opinion of the Commission, per LOTT, Ch. C.

45 N. Y., 102; 50 id., 240; 6 Paige, 8.)   The owner of land is presumptively the occupant, nothing appearing to the contrary. (*Phelps* v. *De Groot*, 2 Lans., 196; *Brownell* v. *Brownell*, 19 Wend., 369; *Beebe* v. *Griffing*, 11 N. Y., 238; *Florence* v. *Hopkins*, 46 id., 186; 2 Barb., 170.)

LOTT, Ch. C.   The principal ground alleged for error in the proceedings of the commissioners of highways is, that they did not, before determining to lay out the highway in question, cause a notice in writing to be given to the occupant of the land, through which it was to run, of the time and place at which they would meet to decide on the application made to them therefor.   This is not tenable; I find nothing in the return of the commissioners warranting the conclusion that such notice was not given.   It appears that the land was owned by Harmon Becker, the relator.   That fact is stated in the writ of *certiorari* and is assumed, during the whole of the proceedings; and the order laying out the road, states that notice in writing, of at least three days, had been given, "in due form of law, to Harmon Becker, the owner and occupant of the lands" through which the highway was to run, of the time and place when and where the commissioners would meet to decide on the application.   It is also shown by a distinct statement, separate from the order, that such notice was served on him personally, three days previous to the time of such meeting and that he attended it; it does not appear that he was not the occupant as well as owner, and it will not be presumed that he was not, after the statement in the order that he was.   It is not claimed by his counsel that there is any statement in the return of the commissioners, showing or tending to show that he was not the actual occupant, but he states that the affidavits on which the *certiorari* was granted and allowed, and the evidence given before the referees on the appeal from the commissioners' determination, establish the fact that Joseph Becker, a son of the relator and owner, was in the actual occupation thereof.   Assuming that to be so, it does not aid the appel-

lants.   Those affidavits and that evidence constitute and form
no part of the commissioners' return, and we can only take
notice of the facts stated therein by them in reviewing their
proceedings, and in determining whether they had acquired
jurisdiction to authorize their action.

It is also claimed, on behalf of the appellants, that the
order of the commissioners shows that only two of them met
at the time of making it, and that it does not appear thereby
that the other was notified to meet with them.   This is a
mistake.   The order states that all the commissioners had
been notified to attend the meeting at which it was made,
for the purpose of deliberating on the subject-matter of the
order which is shown by its terms to have been the applica-
tion that had been made for the laying out of the highway
in question, and the certificate of twelve reputable freeholders
certifying that it was necessary and proper.

The matters above considered are all that are relied on
in the points of the appellants' counsel for the reversal of
the proceedings of the commissioners.   They are insufficient
for that purpose, and it may be added, that if it had affirma-
tively appeared by the return, that Joseph Becker was the
actual occupant of the premises, and that no notice of the
time and place of the meeting of the commissioners had been
served on him, that fact could not have prejudiced the rela-
tor.   He had full opportunity to be heard, and was in fact
heard, in relation to the application for laying out the road
and the proceedings thereon, and it is at least questionable
whether the omission to give notice to Joseph Becker, would
have been available to him for reversing the proceedings.

Without, however, expressing any opinion on that question
it is sufficient to say, that the grounds relied on for the
reversal of the order of the commissioners are untenable and
fail to show that it was invalid or erroneous.

It now remains to be considered, whether any error was
committed by the referees in their proceedings on the appeal
by the appellants from that order, or in the decision made by
them thereon.

It is claimed that no notice of hearing was given to the relator or Joseph Becker, of the time and place for hearing the appeal. This claim or objection is answered and disposed of by the fact that when the appeal is from a determination in favor of an application for laying out a road, notice is required to be given to the commissioners and to one or more of the applicants for such road (1 Revised Statutes, page 518, section 87), and no notice to the relator or any other party than those specified was necessary. It, moreover, appears by the return of the referees, that the commissioners, the said applicants, and the relator appeared before them; that the proofs and allegations of all the parties were heard by them, and that no objection was made by any person to the jurisdiction of the referees, nor to the time and place of hearing the appeal.

It is also claimed that "the order of the referees should show that they all met to deliberate on the subject-matter of the order, or were notified so to do," and that "the order of the referees in this case does not show they all three met for deliberation or were notified so to do." There is no foundation for this claim. There is nothing in the highway act requiring either of such facts to be stated in the order. The section referred to by the counsel (section 91, 1 Revised Statutes, 519, as revised and amended by chapter 455 of the Laws of 1847), applies only where an appeal is taken from a determination of the commissioners *refusing* to lay out or alter a road, and such determination is reversed and the road is laid out or altered by the referees.

It has no application when the road applied for has been laid out, as in the case at bar, by the commissioners.

There is a general provision of law (2 R. S., p. 555, § 27), declaring that "whenever any power, authority or duty· is confided by law to three or more persons, and whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done, and such power, authority or duty may be exercised and performed by a majority of such persons or officers, upon a meeting of all the

persons or officers so intrusted or empowered, unless special provision is otherwise made." The return of the referees in the present case, after setting forth the order, which is signed by two of them, proceeds to state as follows: " The testimony hereto attached was taken by us at the hearing of said case; all the referees were present at each hearing, and were all present and deliberated when the decision was made ; we also attach a copy of the appeal and the order appointing us referees." This statement is signed by the same persons who signed the order, and shows a compliance with the provision of the statute last above set forth. There is also a provision in the highway act (§ 89, 1 R. S., p. 519), as revised and amended by said chapter 455 of the Laws of 1847, declaring that the decision of the referees or that of any two of them on appeals, shall be conclusive in the premises, and every such decision shall be reduced to writing, be signed by the referees making it, and be filed by them in the office of the town clerk of the town who shall record the same. There is, therefore, no ground for holding that the order affirming the determination of the commissioners is void, because it is signed by only two of the referees. That decision was made on sufficient evidence.

The only other matter to be considered is presented by the exclusion of the following question, asked of one of the witnesses, viz.: " In your opinion, is a road necessary for the benefit of the traveling public to be laid out where the proposed road is to be laid out?" This was overruled, and properly, on the ground that it " called merely for the opinion of the witness."

The views above expressed dispose of the grounds on which the order or decision of the referees is sought to be reversed, and show that there was no error committed for which a reversal can be granted.

It follows that both of the judgments appealed from should be affirmed, with costs.

All concur; Reynolds, C., not sitting.

Judgment affirmed.