THE PEOPLE OF THE STATE OF NEW YORK EX REL. JASPER STOCKWELL, COMMISSIONER OF HIGHWAYS OF THE TOWN OF IRA, IN THE COUNTY OF CAYUGA, APPELLANTS, v. JOHN TALMAGE AND OTHERS, REFEREES, RESPONDENTS.

*Certiorari to review proceedings of referees on an appeal from an order of a commissioner of highways — none of the proceedings, on the application to the commissioner, are brought before the court — the review is to be had on the return alone — objections not based upon facts appearing in the record cannot be considered.*

By the return to a writ of *certiorari*, issued to review the proceedings of referees had on an appeal from an order of a commissioner of highways refusing to alter a highway, it appeared that the referees met at a time and place appointed, and after hearing the parties and deliberating together two of them united in a decision reversing the order of the commissioner, in which the other referee did not join. The relator sought to raise questions going to the jurisdiction and regularity of the proceedings taken upon the application to the commissioner, and anterior to his denial of the application.

*Held*, that none of the proceedings taken upon the application to the commissioner and preceding the appeal were brought before the court by the writ.

The relator claimed that, because it did not appear by the return that any notice of the hearing before the referees was given to the occupants or owners of the land through which the proposed altered line of the highway was located, the determination must be deemed to have been made without jurisdiction. None of the evidence taken before the referees was contained in the record before the court, except that the return stated some facts represented by it, and it appeared that the evidence was " expunged from the return " by stipulation.

*Held*, that, as the review was had solely on the return to the writ, the objection was not available to the relator upon the record.

Although it is a general rule that when inferior magistrates are required by *certiorari* to return their proceedings, they must, in support of their determination, make their jurisdiction affirmatively appear, that rule does not necessarily apply to a return which has been rendered imperfect or incomplete as this one had been.

The order appointing the referees recited that the three referees therein named were disinterested freeholders. The relator raised an objection to the eligibility of one of the referees, who certified for himself, in the return, that he was not a freeholder.

*Held*, that, as the only evidence upon the subject properly in the record was the recital of the order of the county judge making the appointment, the question was not legitimately within the record brought before the court and could not be considered.

CERTIORARI to review proceedings of referees on an appeal from an order of the commissioner of highways refusing to alter a highway

in the town of Ira, county of Cayuga. The defendants, who were by the county judge of that county appointed as referees to hear and determine such appeal, reversed by the decision of a majority of them the order of the commissioner. The writ was directed to the referees only; and the case is heard upon their return.

*A. P. Rich*, for the relator.

*Woodin & Warren*, for the respondents.

BRADLEY, J.:

It appears by the return to the writ that the referees met at a time and place appointed; that the appellant and the commissioner appeared and gave proofs, and after they were closed and the matter submitted, all the referees deliberated together and two of them united in a decision reversing the order of the commissioner, in which the other referee did not join. The testimony of witnesses taken on the hearing is not set out in the return. The relator seeks to raise questions going to the jurisdiction and regularity of the proceedings taken upon the application to the commissioner, and anterior to his denial of the application to alter the highway. And with that view asserts that no notice was given by the applicant to the owners or occupants of some of the improved lands to be affected by the proposed alteration; that no consent in writing appears to have been given by them and that no jury was drawn or summoned to certify the necessity of such alteration. The application to the commissioner was put in evidence and is set forth in the return, and it contains the statement that the owners of the lands " have given their consent to the proposed change." But these questions do not arise upon this review. None of the proceedings taken upon the application to the commissioner and preceding the appeal are brought here by the writ. The powers and duties which were formerly devolved upon three judges of the Common Pleas on such appeals (1 R. S., 518, § 84) are vested in referees. (Laws 1847, chap. 455, § 8.) And the proceeding is in some sense and in practical effect a new one instituted by the appeal to lay out or alter a highway, and dependent upon the facts as they exist at the time of the hearing. (*People* v. *Goodwin*, 5 N. Y., 568; *Rector* v. *Clark*, 78 id., 21.) The parties to it are the appellant and the commissioner from whose

order the appeal is taken. And the hearing and determination of the appeal are upon and confined to the merits. The proceedings prior to the appeal are not the subject of inquiry or consideration by the referees. And are not involved on the review of their determination by *certiorari*. It follows that the objections before mentioned are not well taken. (*Commissioners of Warwick* v. *Judges, etc.*, 13 Wendell, 432; *People ex rel. Van Rensselaer* v. *Van Alstyne*, 3 Abb. Ct. App. Dec., 575; S. C., 3 Keyes, 35; *People ex rel. Hubbard* v. *Harris*, 53 N. Y., 391; *Rector* v. *Clark*, 78 id., 21; *People ex rel. Bailey* v. *Sherman*, 15 Hun, 575; *People ex rel. Cashman* v. *Heddon*, 32 Hun, 299.) This view renders it unnecessary to go back of the order of the commissioner to see whether he had jurisdiction of the proceeding. But by reference to the order it appears that he considered the application on the merits and placed his refusal to make the alteration upon the ground that it was unnecessary, and in it recites that the owners of the lands through which the proposed altered line of road passes had consented. This review is had solely upon the return to the writ. And the mere fact stated in the return that it did not appear by the evidence that consent of the owners of land had been given in writing, or that any jury had been drawn or had certified to the necessity of the proposed change would not, as against the recitals, establish a want of jurisdiction in view of the fact that it is not essential that it be shown in support of the determination of the referees. So far as the preliminary proceedings are set forth in the return they appear to have been regular on their face.

It is also contended that because it does not appear by the return that any notice of the hearing before the referees was given to the occupants or owners of the land through which the proposed altered line of the highway was located the determination must be deemed to have been made without jurisdiction. The statute requires a notice of eight days to the commissioner of the time and place of hearing. (1 R. S., 518, 519, §§ 87, 88.) This notice was given. And when on such appeal the order refusing to lay out or alter a highway is reversed, the referees shall lay out or alter it, and in doing so shall proceed in the same manner in which the commissioner is directed to proceed. (Id., 519, § 91.) And before the commissioner shall determine to do so, he must give three days'

notice to the occupant, etc. (Id., 514, § 62.) While the notice to the commissioner may give jurisdiction to the referees to proceed with the hearing, and the notice to the occupant contemplated by the statute may follow the reversal of the order, they cannot make the determination to lay out the road or make the alteration without the notice to the occupant. And if they do, it in that respect will be without jurisdiction. (*People ex rel. Edick* v. *Judges, etc.*, 20 Wend., 186; *People ex rel. Odle* v. *Knieskern*, 54 N. Y., 52; reversing 50 Barb., 87; *People ex rel. Becker* v. *Burton*, 65 N. Y., 452.) If, therefore, such omission appeared by the record the determination of the referees to make the alteration of the highway could not stand. But it does not so appear. And the evidence taken before the referees is not, nor is any of it, in the record, before us except that the return states some facts represented by it. And it appears that the evidence was "expunged from the return" by stipulation.

This review is had solely on the return to the writ. (*People ex rel. Becker* v. *Burton*, 65 N. Y., 452.) We, therefore, think this objection is not available to the relator upon the record. Although it is a general rule that when inferior magistrates are required by *certiorari* to return their proceedings, they must, in support of their determination, make their jurisdiction affirmatively appear, that rule does not necessarily apply to a return which appears to have been rendered imperfect or incomplete as this one has been. It is, therefore, deemed unnecessary to express any opinion upon this question of the effect of a mere failure of the return if complete to show such notice.

An objection is raised to the eligibility of one of the referees, who certifies for himself in the return that he was not a freeholder. The statute provides that the county judge shall appoint, on such appeal, as referees, three disinterested freeholders. (Laws 1847, chap. 455, § 8.) The order of appointment recites that these three referees were disinterested freeholders. And no question appears to have been raised in that respect until after the determination was made, and for the first time it is sought to be presented by force of this writ. It must be assumed that the county judge acted upon information satisfactory to him that this person was a freeholder. But without considering what force that fact properly

presented might have, we think the question is not legitimately within the record brought here by the writ. The only evidence upon the subject properly in the record, is the recital of the order of the county judge making the appointment. (*People* v. *Wheeler*, 21 N. Y., 82.)

No other question seems to require consideration. The decision and determination of the referees should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Decision and determination of the referees affirmed, with twenty-five dollars costs and disbursements.