## PEOPLE *ex rel.* CLINCH *et al. v.* MOORE *et al.*

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

1. HIGHWAYS—ESTABLISHMENT—NECESSITY.

 Where a highway extends a distance of about half a mile from another highway to a point about 200 feet from a third highway, the extension of such highway from such distance of 200 feet is not subject to the objection that it is unnecessary.

2. SAME—FINDINGS OF REFEREE.

 Where the referees appointed by the county judge to hear an appeal from an order of the highway commissioners laying out a road find that the road as laid out does not run through a garden, such finding will not be reviewed on *certiorari.*

Application by Charles J. Clinch and others to review an order laying out a public highway.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Thomas Young,* for relators.   *James S. Allen,* for respondents.

DYKMAN, J.   This is a *certiorari* to review the decision of referees affirming an order of the commissioners of highways of the town of Hempstead, in Queens county, laying out a highway between Garden City and the village of Hempstead.   It appears from the record before us that an application of certain persons liable to be assessed for highway labor in the town of Hempstead made application in writing to the commissioners of highways of that town

to lay out the new road in question; that a jury was drawn in pursuance of such application; and that after an examination of the proposed highway, and a hearing of the reasons offered for and against the same, the jury certified to the necessity of the highway. Subsequently, and after notice to all parties interested, a hearing was had before the commissioners of highways, who then made an order laying out the road. From that order of the commissioners an appeal was taken to the county judge of Queens county, who appointed three referees to hear and determine the appeal, who took a large mass of testimony, and finally rendered their decision affirming the order of the commissioners of highways laying out the road, and that decision is brought under review by the writ of *certiorari*. It is to be observed at the outset that the writ brings before us for review the proceedings of the referees only, and none of the proceedings upon the application to the commissioners of highways anterior to the order laying out the road are open for our consideration. *People* v. *Talmage,* 46 Hun, 603. Yet we do not desire to be understood as entertaining any doubt respecting the regularity, legality, or propriety of the proceedings which resulted in the order for the laying out of the highway. The relators interpose three objections to the road: *First,* that it is unnecessary; *second,* that it runs through a garden; and, *third,* that the jury was irregularly drawn and convened. Upon the first question, respecting the necessity of the road, the facts are these: May Fair avenue is a public highway extending from the Hempstead and Jamaica turnpike for about half a mile to a point within 213 feet of First street, another public highway, and this road in question was laid out to prolong May Fair avenue to First street. These facts alone are sufficient to show that travel will be facilitated, and the public accommodated, by the prolongation of May Fair avenue, and that conclusion is materially strengthened by the testimony of many witnesses who testified in favor of the road. We therefore find the conclusion of the referees respecting the necessity of the road justified. Whether the land over which the extension of May Fair avenue was laid out was a garden was a question of fact to be decided by the referees, and in their report they say they gave due consideration thereto, and became satisfied and convinced from the testimony, and from their own view, that no garden existed within the meaning of the statute. The freeholders who constituted the jury, the commissioners of highways, and the referees have decided against the contention of the relators upon this question, and we find nothing in the record before us to show their conclusion erroneous, and we think their determination should be final. *People* v. *Kniskern,* 54 N. Y. 57; *People* v. *Commissioners,* 57 N. Y. 551; *People* v *Horton,* 8 Hun, 357. In relation to the last point, it is sufficient to say that the proceedings for the drawing of the jury are not before us for review, and we cannot go behind the order of the commissioners of highways to inquire whether they had jurisdiction. *People* v. *Talmage,* 46 Hun, 604; *Commissioners* v. *Judges,* 13 Wend. 433; *People* v. *Harris,* 63 N. Y. 398. Upon all the questions we reach a conclusion in favor of the defendants, and their determination should be affirmed, with costs. All concur.