IN THE MATTER OF THE OPENING, LAYING OUT AND EXTENDING OGDEN STREET, IN THE CITY OF MIDDLETOWN, ORANGE COUNTY, NEW YORK.

*Eminent domain — proceedings to open a street — what interest disqualifies a commissioner.*

The charter of the city of Middletown (chap. 535 of the Laws of 1888, title 6, § 7 as amended) requires the appointment of three disinterested freeholders in proceedings for the condemnation of land for public use. One of the persons appointed in such a proceeding was a brother-in-law of a silent partner in a firm, owning lands likely to be affected by the proceedings.

*Held,* that he was not thereby disqualified to act.

That section 46 of the Code of Civil Procedure, disqualifying a judge because of relationship by consanguinity or affinity to any party to the controversy, does not apply to a commissioner appointed to open a street.

APPEAL by S. Albert Bull and Frank D. Youngblood (Bull & Youngblood) from an order of the Orange County Court, entered in the office of the clerk of said county on the 2d day of November, 1891, removing Henry W. Wiggins from his office as a commissioner in the above-entitled proceeding.

*William F. O'Neill*, for the appellants.

*S. S. Gowdey*, for Thomas Nevilles, respondent.

BARNARD, P. J.:

This is an appeal from an order of the county judge of Orange county removing one Henry W. Wiggins from his office as commissioner in the above-entitled proceeding, to which said office he had previously been appointed by the said County Court, for the reason that Wiggins was a brother-in-law of one A. V. Boak, who was a silent partner with the firm of Bull & Youngblood in the ownership of certain lands affected, or likely to be affected, by the said condemnation proceedings.

The appointment of Mr. Wiggins as one of the three commissioners was made under chapter 535 of the Laws of 1888 (and the subsequent amendments thereto), entitled "An act to incorporate the city of Middletown," and in section 7 of title 6 of this act the appointment of three disinterested freeholders is required. No further qualification is demanded of the commissioners except that they shall be disinterested; and we are of the opinion that the county judge of Orange county erred in holding that section 46 of the Code of Civil Procedure applies to commissioners of this nature, or that by reason of standing in the relation of brother-in-law to a party whose interest is likely to be affected, a commissioner thereby ceases to be disinterested without proof of some direct interest of his own in the affair.

In the *Matter of Dodge & Stevenson Manufacturing Company* (77 N. Y., 101) the learned court, in its opinion, says: "This language does not seem appropriate to such a case as the present, but rather to a case where there are parties adverse to each other, or, at least, where some question is to be determined between two or more parties, but, passing this question, it is very certain that, to exclude a judge from sitting in any cause by reason of kinship, such kinship

must exist between him and some person who is actually a party to the cause. It is not enough that he is related to some person not a party, who is or may be interested in it or affected by his order. Interest on the part of a judge disqualifies him from sitting, but interest on the part of a relative of the judge does not."

We are, furthermore, of the opinion that the section of the Code referred to does not include commissioners among and along with judges and officers exercising judicial or quasi-judicial functions. This commission was solely for the purpose of looking into the general necessity and bearing of the proposed street extension, and their decision was subject to the subsequent scrutiny and oversight of the court, both as to the amount of damages and in every other respect. This provision of the Code needs to be strictly construed, as under a liberal construction it could be made to apply to almost every class of court appointees or elective officers of towns or municipalities, exercising a power in any respect resembling the judicial. (*The People* v. *Wheeler*, 21 N. Y., 82 ; *Foot* v. *Stiles*, 57 id., 399 ; *Matter of Southern Boulevard*, 3 Abb. Pr. [N. S.], 447 ; *The People ex rel. Howlett* v. *The Mayor*, 63 N. Y., 291.)

The order appealed from should, therefore, be reversed, with costs and disbursements of the appeal.

PRATT, J., concurred.

Order reversed, with costs and disbursements.